## UNITED STATES *v.* STEVER.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR
THE WESTERN DISTRICT OF KENTUCKY.

No. 448.  Argued October 20, 1911.—Decided December 4, 1911.

Congress will not be supposed to make the same offense indictable
  and punishable under either of two distinct provisions under which
  the procedure and the penalties are different.
Where general words follow words descriptive of particular actions
  they should, unless clearly manifested to the contrary, be construed
  as applicable to cases or matters of like kind with those described
  by the particular words.
Sections 3894 and 5480, Rev. Stat., each apply to different offenses
  and are to be construed as legislation *in pari materia*.
Section 3894, Rev. Stat., relates particularly to lottery schemes, and
  the general words "concerning schemes devised for the purpose of
  obtaining money or property by false pretenses" are limited to
  schemes having a similitude to lotteries and other like schemes
  particularly described and do not extend to the general schemes to
  defraud covered by § 5480, Rev. Stat.

THE facts, which involve the construction of §§ 3894
and 5480, Rev. Stat., and what constitute offenses there-
under, are stated in the opinion.

*Mr. Assistant Attorney General Harr* for the United States:

Upon this writ of error the Government seeks only to have reviewed the correctness of the court's ruling as to the scope of § 3894, and the validity of the first count. Section 3894 is not limited either in its terms or by necessary implication to lottery schemes.

The clause "or concerning schemes devised for the purpose of obtaining money or property under false pretenses" is grammatically completely separated from, and has no necessary relation to, the preceding clause, "concerning any lottery, so-called gift concert, or other similar enterprise," etc. The statute on its face indicates that Congress was prohibiting the carriage in the mail and the delivery through the post office of two distinct classes of matter.

The prohibition in § 3894 is of the carriage in the mails and the delivery through the post office of matter concerning a peculiar class of frauds, to wit, "schemes devised for the purpose of obtaining money or property under false pretenses." Section 5480 is intended primarily to reach any person who "having devised or intending to devise any scheme of artifice to defraud," etc., uses the mails in furtherance of such scheme. The prohibition in § 3894 extends to anyone, whether he had devised the scheme to defraud or not, or whether he was connected with the postal service or not. Section 5480 is confined to the punishment of devisers of a scheme or artifice to defraud.

*Mr. W. M. Smith* and *Mr. J. S. McKenney* for defendants in error:

Section 3894, Rev. Stat., only includes, by proper construction, lottery schemes. *United States* v. *Sauer*, 88 Fed. Rep. 249; *Horner* v. *United States*, 143 U. S. 570; *Nichols* v. *State*, 26 N. E. Rep. 839.

Where words of a particular description in a statute are

followed by general words that are not specific and limited, unless there be a clear manifestation of à contrary purpose, the general words are to be construed as applicable to persons or things, or cases of like kind as those designated by the particular words. Lewis' Sutherland Stat. Const., § 443; *Alexander* v. *Alexander,* 5 Cranch, 1, 7; *United States* v. *Freeman,* 3 How. 556–564; *Atkins* v. *Disintegrating Co.,* 18 Wall. 272, 301; *Cope* v. *Cope,* 137 U. S. 682–688; *Stockdale* v. *Insurance Co.,* 20 Wall. 323; *United States* v. *Garrettson,* 42 Fed. Rep. 22; Bishop on Statutory Crimes, § 246 *et seq.; Chapman* v. *Forsythe,* 2 How. 202; *Woolsey* v. *Cade,* 54 Alabama, 385; *Amos* v. *The State,* 73 Alabama, 501; Bishop on Statutory Crimes (2d ed.), §§ 119, 193, 194, 218, 220, 227.

Sections 3894 and 5480 were enacted at the same time and must be read together, and it must be presumed that they will be harmonious; they cannot be so blended as to constitute an offense not contained in either, considered separately. *United States* v. *Sauer,* 88 Fed. Rep. 240; *McDaniel* v. *United States,* 87 Fed. Rep. 324.

The count is bad, in charging "Money" instead of "Property." This count is also bad for duplicity, as it charges both causing to be deposited for mailing, and causing to be delivered, etc. *Bates* v. *State,* 124 Wisconsin, 612; *United States* v. *Conrad,* 59 Fed. Rep. 458; *Horner* v. *United States,* 44 Fed. Rep. 677; *S. C.,* 143 U. S. 207.

MR. JUSTICE LURTON delivered the opinion of the court.

This is a writ of error to review a judgment quashing an indictment as not stating an offense triable in the Western District of Kentucky. The indictment contained two counts. The first is drawn to bring the offense within § 3894, Revised Statutes, as amended, and the second is based upon § 5480, Revised Statutes, and is for a conspir-

acy to commit the offense charged in the first count. The Government now concedes that the latter count states no offense within the Western District of Kentucky and withdraws the assignments of error relating to the judgment quashing it.

The count to be considered charges, in substance, that the defendants, on April 20, 1908, in the State of Iowa, devised a certain scheme for the purpose of obtaining money, etc., "by and under false pretenses," from various persons, among others, certain persons named, residing at Colesburg, within the jurisdiction of the court, to be effected by means of the United States mail through correspondence with them. The scheme, summarily stated, was to be effected by inducing persons, who should read their advertisements offering high grade cattle for sale, to open correspondence with them. That then the defendants were, through the mail, to make false and fraudulent representations as to the character of the cattle they offered for sale, and thereby induce such correspondents to come and inspect the cattle at Fairfield, Iowa, and that after a sale of cattle so inspected, were to substitute inferior cattle in the place of those inspected and sold. It is then averred that the defendants succeeded in opening up correspondence with certain persons at Colesburg, Kentucky, and that in furtherance of said scheme and for the purpose of obtaining money under false pretenses they, the defendants, on April 20, 1908, "unlawfully did knowingly and fraudulently deposit and cause to be deposited in the mail . . . at Fairfield, Iowa, and did then and there knowingly cause to be sent by said mail of the United States a certain letter to be conveyed and delivered by said mail of the United States at Colesburg, in the State of Kentucky, and in the western district thereof," to be delivered to persons there addressed and residing, which letter was calculated to accomplish the scheme intended, and which said letter the defendants are charged

as "having caused to be delivered by mail to the person addressed."

For convenience we set out in the margin §§ 3894 and 5480, Revised Statutes, as amended.[1]

---

[1] SEC. 3894. No letter, postal-card, or circular concerning any lottery, so-called gift concert, or other similar enterprise offering prizes dependent upon lot or chance, or concerning schemes devised for the purpose of obtaining money or property under false pretenses, and no list of the drawings at any lottery or similar scheme, and no lottery ticket or part thereof, and no check, draft, bill, money, postal note, or money-order for the purchase of any ticket, tickets, or part thereof, or of any share or any chance in any such lottery or gift enterprise, shall be carried in the mail or delivered at or through any post-office or branch thereof, or by any letter carrier, nor shall any newspaper, circular, pamphlet, or publication of any kind containing any advertisement of any lottery or gift enterprise of any kind offering prizes dependent upon lot or chance, or containing any list of prizes awarded at the drawings of any such lottery or gift enterprise, whether said list is of any part or of all of the drawing, be carried in the mail or delivered by any postmaster or letter-carrier. Any person who shall knowingly deposit or cause to be deposited, or who shall knowingly send or cause to be sent, anything to be conveyed or delivered by mail in violation of this section, or who shall knowingly cause to be delivered by mail anything herein forbidden to be carried by mail, shall be deemed guilty of a misdemeanor, and on conviction shall be punished by a fine of not more than five hundred dollars or by imprisonment for not more than one year, or by both such fine and imprisonment for each offense. Any person violating any of the provisions of this section may be proceeded against by information or indictment and tried and punished, either in the district at which the unlawful publication was mailed or to which it is carried by mail for delivery according to the direction thereon, or at which it is caused to be delivered by mail to the person to whom it is addressed.

SEC. 5480. If any person having devised or intending to devise any scheme or artifice to defraud, or to sell, dispose of, loan, exchange, alter, give away, or distribute, supply, or furnish, or procure for unlawful use any counterfeit or spurious coin, bank notes, paper money, or any obligation or security of the United States or of any State, Territory, municipality, company, corporation, or person, or anything represented to be or intimated or held out to be such counterfeit or spurious articles, or any scheme or artifice to obtain money by or through cor-

The last clause of § 3894 provides that an offense against any of the provisions of the section "may be proceeded against  . . . either in the district at which the unlawful publication was mailed, or to which it is carried by mail for delivery according to the direction thereon, *or at which it is caused to be delivered by mail to the person to whom it is addressed.*"

The claim is that an indictment lies in the Western District of Kentucky, because that is the district in which the defendants caused the letter mentioned "to be delivered by mail" to the person addressed.

The Government has suggested that there is a distinction at common law between a false pretense and an in-

---

respondence, by what is commonly called the "sawdust swindle," or "counterfeit money fraud," or by dealing or pretending to deal in what is commonly called "green articles," "green coin," "bills," "paper goods," "spurious Treasury notes," "United States goods," "green cigars," or any other names on terms intended to be understood as relating to such counterfeit or spurious articles, to be effected by either opening or intending to open correspondence or communication with any person, whether resident within or outside of the United States, by means of the Post-Office Establishment of the United States, or by inciting such other person or any person to open communication with the person so devising or intending, shall, in and for executing such scheme or artifice or attempting so to do, place or cause to be placed, any letter, packet, writing, circular, pamphlet, or advertisement in any post-office, branch post-office, or street or hotel letter-box of the United States, to be sent or delivered by the said post-office establishment, or shall take or receive any such therefrom, such person so misusing the post-office establishment shall, upon conviction, be punishable by a fine of not more than five hundred dollars and by imprisonment for not more than eighteen months, or by both such punishments, at the discretion of the court. The indictment, information, or complaint may severally charge offenses to the number of three when committed within the same six calendar months; but the court thereupon shall give a single sentence, and shall proportion the punishment especially to the degree in which the abuse of the post-office establishment enters as an instrument into such fraudulent scheme and device.

dictable cheat or fraud. 'It may be conceded that at the
common law a false pretense is not a promise, but a fraud-
ulent and false representation of an existing or past fact,
designed to induce one to part with money or goods.
Bishop on Criminal Law, 6th ed., §§ 415, 419, and cases,
English and American, there cited.

Whether the facts averred in this count constitute a
scheme to obtain goods or money by a common-law false
pretense may admit of grave doubt. But whether that be
so or not, it would require very subtle distinction to con-
ceive of a use of the mail to promote a scheme to obtain
property or money by means of false pretenses which
would not also be a "scheme or artifice to defraud" within
the plain meaning of § 5480. For the purpose of the pres-
ent discussion it is not important whether the pleader has
characterized the scheme described as a false pretense or
as "a scheme or artifice to defraud," since in either case
a use of the mail prohibited by § 5480 is shown. That
section was construed by this court, in *Durland* v. *United
States,* 161 U. S. 306, 313, as "including everything de-
signed to defraud by representations as to the past or
present or suggestions and promises as to the future."

If, then, this indictment is also maintainable under
§ 3894, it must be because we are forced to conclude that
Congress, when it revised the statutes, intended to make
the use of the mails to effect a scheme to defraud indictable
and punishable under either of two distinct provisions,
and that the district attorney might elect as to which he
would proceed under. Such a supposition is not to be
lightly adopted. To so conclude would result in the anom-
aly of an offense created and punished by two distinct
enactments. Under the one the accused may be pro-
ceeded against in a district where he could not be prose-
cuted under the other. The procedure under one differs
in some important particulars from that admissible under
the other, and the accused is subject to a measure of pun-

ishment under one not possible under the other. Thus, under § 3894 an indictment will lie in the district in which the defendant caused the letter to be delivered by the mail to the person addressed. That is not the case under § 5480. Under section 3894, one may be imprisoned not longer than one year, while under the other he may be imprisoned for eighteen months. Under § 3894, he is sub-ject to indictment for any number of violations. Under the other the indictment may only charge offenses to the number of three committed within the same six calendar months.

No such purpose can be fairly said to have actuated Congress. The two sections are intended to prevent the use of the mail for certain purposes. The one applies to the use of the mail for the purpose of promoting lotteries or other like schemes of chance. The other is intended to prohibit the use of the mail to carry on schemes of general fraud, the language being "any scheme or artifice to defraud." A scheme to defraud by means of false pretenses is, as we have seen, "a scheme or artifice to defraud," within the plain meaning and purpose of this section. The general words, "or concerning schemes devised for the purpose of obtaining money or property under false pretenses," found in § 3894, do not harmonize with the general purpose of that section, if construed as urged by the learned Attorney General. So construed, they would trench upon the ground covered by § 5480. The words referred to follow particular words descriptive of schemes of gain dependent upon chance, and are followed by further particular words relating to the same kind of lottery schemes.

In such circumstances, unless there is a clear manifestation to the contrary, general words, not specific or limited, should be construed as applicable to cases or matters of like kind with those described by the particular words.

Construing the two sections together as legislation in

*pari materia*, we find no manifest legislative intent forbidding the application of the rule of construction referred to. We therefore conclude that the words "or concerning schemes devised for the purpose of obtaining money or property by false pretenses," are to be limited to schemes having a similitude to the lottery and other like schemes particularly described by the particular words of the section. This view finds strong support in the case of *United States* v. *Sauer*, 88 Fed. Rep. 249, where the opinion was by Judge Severens, then District Judge.

The judgment of the court below is accordingly

*Affirmed.*