UNITED STATES v. FLORIDA EAST COAST RY. CO.

(Circuit Court of Appeals, Fifth Circuit. April 5, 1915.)

No. 2741.

1. MASTER AND SERVANT ⚖️13—STATUTORY REGULATION—HOURS OF SERVICE —CONDUCTOR.

Under Hours of Service Act March 4, 1907, c. 2939, § 2, 34 Stat. 1416 (Comp. St. 1913, § 8678), providing that it shall be unlawful for an interstate carrier to require or permit employés subject to the act to remain on duty for more than 16 consecutive hours, with certain periods of rest thereafter, provided that no operator, train dispatcher, or other employé, who by the use of the telegraph or telephone dispatches, reports, receives, or delivers orders pertaining to train movements shall be required or permitted to remain on duty more than 9 hours in any 24 in towers or offices continuously operating night and day, nor for a longer period than 13 hours in towers or offices operated only during the daytime, the 9 or 13 hour proviso does not apply to a train conductor, who as an incident to his official duties was required to use the telephone to report movements of his train and receive orders, since he has no fixed place to perform such work, and it could not be determined whether the 9 or 13 hour proviso should apply to him, and it will be presumed that Congress did not intend to include such employé.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 14; Dec. Dig. ⚖️13.]

2. MASTER AND SERVANT ⚖️13—STATUTORY REGULATION—HOURS OF SERVICE —"EJUSDEM GENERIS."

Under the doctrine of "ejusdem generis," which is the rule that where, in the enumeration of particulars, general terms are used, the general terms must be restricted to things of a like nature and description with the particulars among which they are found, a train conductor is not included within the proviso of Act March 4, 1907, § 2, relating to hours of service of operators, train dispatchers, or other employés who use the telegraph or telephone to dispatch, report, receive, or deliver orders pertaining to train movements (quoting Words and Phrases, "Ejusdem Generis").

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 14; Dec. Dig. ⚖️13.

Hours of service of employés, see note to United States v. Houston Belt & Terminal Ry. Co., 125 C. C. A. 485.]

Walker, Circuit Judge, dissenting.

In Error to the District Court of the United States, for the Southern District of Florida; Rhydon M. Call, Judge.

Action by the United States against the Florida East Coast Railway Company. From a judgment sustaining demurrers to the dec-

laration and dismissing the declaration, the United States brings error. Affirmed.

The following statement of the case, appearing in the brief for the government, is substantially correct:

"This case was brought by the United States attorney, upon suggestion of the Attorney General, at the request of the Interstate Commerce Commission, and upon information furnished by the Commission. The action is based upon the act of Congress known as 'An act to promote the safety of employés and travelers upon railroads by limiting the hours of service of employés thereon,' approved March 4, 1907, contained in 34 Stat. at page 1415, the action being based on sections 2 and 3 of said act. Each of the four counts are practically identical; the only difference being a change of dates, names, and the time or interval of time within which the alleged violation took place, also the change of the number of the train and the station. However, the principle of law as applicable to each count is identical. The argument, therefore, will be confined to the first count, which alleges that E. M. Little, on January 10, 1914, at and between the offices of New Smyrna and Ft. Pierce, in the state of Florida, being an employé of the defendant, was required and permitted to remain on duty for a longer period than 13 hours in 24 hours, to wit, from 7 a. m. to 11 p. m. on said date; that said E. M. Little was an employé, regularly and generally engaged in and connected with the movement of its trains, said trains being used in the movement of interstate traffic, and was regularly and generally required and permitted by defendant to use the telephone in the several offices and stations of the defendant to report, transmit, receive, and deliver orders pertaining to and affecting the movement of trains, and that said E. M. Little, while required and permitted to remain on duty as aforesaid, used said telephone in defendant's office at Quay and Lyrata and reported, transmitted, received, and delivered orders pertaining to and affecting the movement of trains."

The declaration filed by the government contains four counts, and in order to render more definite the allegations of the several counts, and to present with greater clearness the precise question for decision, counsel for the parties entered into the following stipulation:

"It is further stipulated and agreed between the counsel for the respective parties herein that the employé mentioned in each of the counts of the declaration, and who is alleged therein to have been required or permitted to use the telephone in the movement of trains after the expiration of 13 hours of service was a conductor of the particular train mentioned in the respective count, and that the declaration shall be so construed and understood for all the purposes of this writ of error; it having been so understood and considered by the judge of the District Court upon the argument of the demurrer. Plaintiff in error hereby withdraws from its brief heretofore filed in said cause all reference to any question which may have been raised in said brief with reference to any omission in said declaration as to the particular duties of the employé mentioned in each of the several counts, and requests that such references in said brief shall be disregarded by the court."

Demurrers were interposed by the railway company to each count, which being sustained, and the declaration dismissed, the government excepted, and has brought the case here for revision of the judgment.

Philip J. Doherty, Sp. Asst. U. S. Atty., of Washington, D. C., H. S. Phillips, U. S. Atty., of Tampa, Fla., and Fred Botts, Asst. U. S. Atty., of Jacksonville, Fla., for the United States.

A. V. S. Smith and Egford Bly, both of Jacksonville, Fla., for defendant in error.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

MAXEY, District Judge (after stating the facts as above). [1] The question submitted for consideration involves the construction of the

first proviso of section 2 of the act approved March 4, 1907, commonly known as the "Hours of Service Act"; the second proviso not being pertinent to the present inquiry. 34 Stat. pt. 1, p. 1415 (Comp. St. 1913, § 8678). The precise question may be thus stated: Is the conductor of an interstate railway train, who is required or permitted during his run to stop at stations to report, transmit, receive, or deliver orders pertaining to or affecting his train, embraced within the terms of the proviso? The entire section is in the following words:

"Sec. 2. That it shall be unlawful for any common carrier, its officers or agents, subject to this act to require or permit any employé subject to this act to be or remain on duty for a longer period than sixteen consecutive hours, and whenever any such employé of such common carrier shall have been continuously on duty for sixteen hours he shall be relieved and not required or permitted again to go on duty until he has had at least ten consecutive hours off duty; and no such employé who has been on duty sixteen hours in the aggregate in any twenty-four hour period shall be required or permitted to continue or again go on duty without having had at least eight consecutive hours off duty: Provided, that no operator, train dispatcher, or other employé who by the use of the telegraph or telephone dispatches, reports, transmits, receives, or delivers orders pertaining to or affecting train movements shall be required or permitted to be or remain on duty for a longer period than nine hours in any twenty-four hour period in all towers, offices, places, and stations continuously operated night and day, nor for a longer period than thirteen hours in all towers, offices, places, and stations operated only during the day time, except in case of emergency, when the employés named in this proviso may be permitted to be and remain on duty for four additional hours in a twenty-four hour period on not exceeding three days in any week: Provided further, the Interstate Commerce Commission may after full hearing in a particular case and for good cause shown extend the period within which a common carrier shall comply with the provisions of this proviso as to such case."

It will be observed that the first part of the section refers to employés generally, subject to the act, and renders it unlawful for a carrier to require or permit any employé to be or remain on duty for a longer period than 16 consecutive hours, etc. The proviso, however, excepts operators, train dispatchers, and other employés, who by the use of the telegraph or telephone transmit, report, etc., orders pertaining to or affecting train movements, from the general language thus employed and provides for them a special rule. For reasons deemed wise by the Congress, it was thought that telegraph operators, train dispatchers, and other employés of that class should have shorter hours for work and longer intervals of rest; and hence the provision directly applicable to them, that their work hours should be limited to 9 and 13, respectively, accordingly as they might be employed in towers, offices, places, and stations continuously operated night and day, or in towers, offices, etc., operated only during the daytime.

The purpose of adding the proviso was to prescribe shorter hours for work for telegraph and telephone operators, and other employés, whose primary and principal duty require them to operate telegraphic instruments and telephones for transmitting, etc., orders affecting train movements generally. And that such construction is correct is evidenced by the requirement that such employés must perform their duties at a fixed place and that their hours of service at such place shall

not exceed those named in the proviso. In this connection it is well to recall the language of the proviso:

"Provided, that no·operator," etc., "shall be required or permitted to be or remain on·duty for a longer period," etc., "*in* all towers, offices, places and stations," etc.

—thus evidencing the intention that such employés must have a fixed place for work, and at such place they should not be required or permitted to work a longer time than the number of hours prescribed. If the proviso be construed to include a conductor, what number of hours, it may be asked, shall he be permitted to work during the 24-hour period? Shall it be 16, 13, or 9 hours? Having regard for the language of the proviso, it will be scarcely possible to give a satisfactory reply to the question—a difficulty which affords additional ground for holding that as to such employé the proviso is altogether inapplicable.

It seems to us that it would plainly violate accepted canons for construing statutes to include in the proviso a train conductor, having no fixed place for work except on a moving train, and who, under the first clause of section 2, may be required or permitted to work for the period of 16 hours. His primary and chief duty requires him to look after his train, and stopping at a station to transmit or receive an order, affecting his immediate train, is a mere incidental service, which cannot operate to classify him as a telegraph or telephone operator or train dispatcher. The contention of counsel for the government is that train conductors are included in the words·of the proviso, "or other employé," who by the use of the telegraph or telephone dispatches reports, etc. We have endeavored to show that it was not the intention of the lawmakers to so include them.

[2] But for another reason the construction insisted upon by the government is thought to be erroneous. The words "or other· employé," evidently refer to employés charged with duties similar to those performed by telegraph operators and train dispatchers, in accordance with the following recognized rule for the construction of statutes:

"In the enumeration of particulars, general and comprehensive terms are sometimes used, in the construction of which reason and good sense require that, if you would not violate the intention of the writer, their meaning must be restricted to things of a like nature and description, with the particulars among which they are found." ·3 Words and Phrases, 2328.

Or, to state the rule in somewhat different language:

"Ejusdem generis means of the same kind or species. The words are used to designate a rule of construction that: 'When an author makes use, first, of terms, each evidently confined and limited to·a particular class of a known species of things, and then, after such specific enumeration, subjoins a term of very extensive signification, this term, however general and comprehensive in its possible import, yet when thus used, embraces only things ejusdem generis'—that is, of the same kind or species with those comprehended by the preceding limited and confined terms." 3 Words and Phrases, 2328.

This proviso of section 2 of the Hours of Service Act, was construed by the Circuit Court of Appeals for the Eighth Circuit in Missouri Pacific Railway Co. v. United States, 211 Fed. 893–897, at page 897, 128 C. C. A. 271, at page 275, where it was said by the court:

"As the word 'employé' in the proviso of section 2 includes 'operator' and 'train dispatcher,' for the latter are both employés, the conclusion here is irresistible that Congress intended by the use of the words 'other employé' to mean an employé engaged primarily in the same class of service as would be performed by an operator or train dispatcher."

In our construction of the statute we have steadily kept in view the beneficent purpose of the law. If we have construed it properly, the Congress may enact such further legislation as may be deemed best for the public interests.

We are of the opinion that the judgment should be affirmed, and it is so ordered.

WALKER, Circuit Judge, dissents.