### SOUTHERN RY. CO. v. COLUMBIA COMPRESS CO.

(Circuit Court of Appeals, Fourth Circuit. February 8, 1922.)

No. 1891.

Indemnity ⊂⊃9(1)—Provisions of lease construed; "other property."

A railway company leased ground on its right of way for a cotton compress, with warehouse, platform, sheds, and appurtenances, the lease providing that the compress company should indemnify the railway company "against all claims * * * accruing to the compress company or to any other party against the railway company for loss or injury to said compress or warehouse or other building, or the contents thereof, or other property, which may be caused by fire or otherwise, however resulting, * * * and arising by reason of the presence of said plant or the operation or maintenance thereof upon the premises of the railway company." *Held*, that the claims referred to were claims which might be asserted by the compress company, or its sublessees or customers, for damage by fire caused by locomotives of the railway company, and for which it was liable under the state statute, and that the words "other property" were limited in meaning to property which, like that specifically enumerated, was located or kept on the demised premises, and 'hat

---

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the provision did not render the compress company liable for the loss of cars of other railroad companies, for which lessor was responsible, which were destroyed by a fire originating on the leased premises while standing on an adjacent track.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Other.]

In Error to the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. Middleton Smith, Judge.

Action at law by the Southern Railway Company against the Columbia Compress Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Frank G. Tompkins, of Columbia, S. C., for plaintiff in error.

J. B. S. Lyles, of Columbia, S. C., for defendant in error.

Before KNAPP and WOODS, Circuit Judges, and WATKINS, District Judge.

WATKINS, District Judge. Several years prior to 1906, Southern Railway Company, plaintiff in error, leased to Columbia Compress Company, defendant in error, a lot of land comprising practically an entire city block in the industrial section of Columbia, S. C. The compress company proceeded to construct a plant, consisting of a cotton compress, warehouses, platforms, etc., for the purpose of conducting a general cotton compressing and storage business. On one side of the leased premises were the tracks of the Atlantic Coast Line Railroad Company; on the other, an industrial track of the Southern Railway Company, leading into and for the use of the leased premises, another side track of the said railway company, used in its own business, and also one of its main line tracks. The original lease was renewed under date of July 31, 1906. On December 2, 1916, a fire originated on the leased premises, and was communicated therefrom to certain railroad cars standing on the side track of the Southern Railway Company adjacent to the leased premises.

This action was brought by the railway company for the purpose of recovering the amount of damage caused by said fire to certain railroad cars standing on the last-mentioned side track and their contents. Some of these cars were the property of the Southern Railway Company; others the property of other railroads, and which were in its custody in course of transportation, and for which last-mentioned cars and their contents, which consisted of cotton only, the Southern Railway Company was responsible. The buildings of the Compress Company, as they stood at the date of the fire, had been in existence for more than six years. The claim of the railway company was based upon the assertion that the fire was caused by the negligence of the compress company, and also upon the ground that under the terms of the aforementioned lease the compress company was made liable for any damage caused by fire originating on the leased premises and therefrom communicated to the property of the railway company, or property for which it was liable, irrespective of the cause of such fire. The

issue of negligence was submitted to the jury under instructions of the court, to which no exceptions are taken, and a special verdict was rendered, absolving the compress company of this charge. With the elimination of this issue, it is agreed that the claim of the railway company could not embrace damage to its own cars, but, if allowed at all, should embrace only that portion of the damaged property which belonged to others and for which it was primarily responsible. There seems to have been no dispute as to the amount of this damage.

Counsel for both sides requested the court peremptorily to instruct verdicts in behalf of their respective clients. Pending the consideration and construction of the terms of the lease, the court directed the jury to find a verdict for the plaintiff for the amount of the damage proved, stating that the judgment would be arrested and the verdict set aside if, after examination of the contract, the construction claimed by plaintiff was found to be incorrect. Accordingly, upon further consideration of the contract or lease, the verdict was set aside and the defendant was adjudged the right to enter up judgment as if the verdict of the jury had been in its favor.

The liability of the compress company depends upon the construction to be placed upon the eighth clause of the lease, in which certain of its obligations are set forth as follows:

"(8) That it will indemnify and save harmless the railway company against any and all loss or damage to the property of the railway company which may be caused by or originate from the negligence of the compress company, its agents, servants, or sublessees in or about the use of said demised premises and against all claims, demands, suits, judgments, and sums of money accruing to the compress company, or to any other party, against the railway company, for loss of or injury to said compress or warehouse or other building, or the contents thereof, or other property, which may be caused by fire or otherwise, however, resulting, either to person or estate, and arising by reason of the presence of said plant or the operation or maintenance thereof upon the premises of the railway company."

This provision was inserted in the contract for the benefit of the railway company and whatever ambiguity arises out of the language employed by the parties must, under the well-settled rules of construction adopted by the courts, be construed most strongly against the party for whose benefit the clause was inserted. Noonan v. Bradley, 9 Wall. 394, 19 L. Ed. 757; Texas & Pacific Railway Co. v. Reiss, 183 U. S. 621, 22 Sup. Ct. 252, 46 L. Ed. 358; Capital City Bank v. Hilson, 59 Fla. 215, 51 South. 853; 6 R. C. L. 855. The entire contract must be taken into consideration, together with the circumstances and laws surrounding and governing the parties, in order to arrive at their intention. At the time of the execution of the contract, and at the time of the fire, railroad corporations were made liable by the laws of South Carolina for damages to buildings or other property caused by fire communicated by the locomotive engines of such railroads or originating upon their rights of way, except in cases of property placed upon such rights of way without the railroads' consent. In agreeing, therefore, by contract, to the establishment of the compress company's plant upon such right of way, the railway company's officials must have had in mind, among other things, the necessity of protecting it against the extraordinary

risks under the statute which would result from the establishment and maintenance of a business where so much inflammable material would be handled and stored in close proximity to its moving engines, and to which fire might so easily be communicated both by said engines and from other causes.

An analysis of the section under construction will show that its first object was to indemnify the railway company against all loss or damage to its own property caused by or originating from the negligence of the compress company, and its representatives or sublessees in or about the use of the premises. Under this clause no claim could be asserted, unless founded upon negligence, and then only for injury resulting to the property of the railway company, and, even if this were true, the negligence creating the liability was limited to some act growing out of the use of the demised premises. It will be observed that this clause does not undertake to protect the railway company against its statutory liability to adjacent property owners for fires communicated from its right of way, even though originating on the demised premises through the negligence of the lessees. The indemnity covered the property of the railroad alone. The second clause or subdivision of this section was intended to indemnify the railway company against certain claims that might be asserted against it, either in the absence of contract or primarily asserted against it notwithstanding the contract. While the first clause related to all claims that might be occasioned by negligence within the limits set out, the claims mentioned in the second clause must be based on damages occurring by fire or otherwise, and negligence of the defendant was not required to give them validity. There being no issue in this case as to damages other than that caused by fire, it is unnecessary to consider the effect of the expression "or otherwise."

The instant issue is whether the expression "or other property" is to be construed as sufficiently comprehensive to embrace property injured or destroyed by fire communicated from the compress company's plant, although not located thereon, or is to be restricted to property upon the demised premises. The comprehensive phrase thus employed is used in connection with certain particular recitals and its construction is subject to the rule of ejusdem generis. This rule is succinctly stated in the case of Treasurers v. Thomas Lang et al., 2 Bailey (S. C.) 430, as follows:

"There is no question that general and unlimited terms are restrained and limited by particular recitals, when used in connection with them, whether they are found in the recital of a bond or covenant, or any other writing, or used in ordinary conversation, for the obvious reason that they convey a more definite idea, and are therefore less liable to misconception."

In Ex parte Leland, 1 Nott & McC. (S. C.) 460, the rule is thus stated:

"When an author makes use, first, of terms, each evidently confined and limited to a particular class of a known species of things, and then, after such specific enumeration, subjoins a term of very extensive signification, this term however general and comprehensive in its possible import, yet, when thus used, embraces only things 'ejusdem generis'—that is, of the same kind or species—with those comprehended by the preceding limited and confined terms."

In 36 Cyc. 1120, it is said:

"The words 'other' or 'any other,' following an enumeration of particular classes, are therefore to be read as 'other such like, and to include only others of like kind or character."

See, also, 25 Am. & Eng. Ency. of Law, 1012.

In the case of Alabama v. Montague, 117 U. S. 602, 6 Sup. Ct. 911, 29 L. Ed. 1000, the court says:

"While the company is thus specific in its description of the subjects of the mortgage, enumerating with great particularity its land grant from Congress, its telegraph lines and offices, its machine shops, and its coal mines, it is quite unreasonable to suppose that the company would have been thus needlessly minute in its description of the property conveyed, enumerating with great particularity the four or five classes of property, mostly real estate, which were intended to pass, if it had also intended that the three words, 'all other property,' should stand for everything in the four states, which the company owned, and especially all its lands."

In Words and Phrases, vol. 3, page 2328, vol. 8, page 7647, and vol. 2, Second Series, 225, will be found citations of numerous cases upon the rule and its application. To these may be added State v. Williams, 2 Strob. (S. C.) 474; Commissioners of Public Accounts v. Greenwood et al., 1 Desaus. (S. C.) 450; United States v. Fisher, 2 Cranch, 358, 2 L. Ed. 304; United States v. Baumgartner (D. C.) 259 Fed. 722; United States v. Florida East Coast Ry. Co., 222 Fed. 33, 137 C. C. A. 571; Hills v. Joseph, 229 Fed. 865, 144 C. C. A. 147; Lewis' Sutherland Statutory Construction, vol. 2, p. 814, § 422.

It will be observed that the claims indemnified against are specified as those accruing to the compress company or to any other party—evidently such party as may be interested by virtue of relationship to the compress company as lessee, agent, customer, or otherwise, for loss of or injury to "said compress or warehouse or other building or the contents thereof." The words "or other property" immediately follow an enumeration of a particular class of property, not only as to kind and location, but also as to ownership. The word "said" evidently refers to property mentioned in a preceding section of the contract, wherein the compress company was obligated, during the life of the lease, to maintain and operate upon the demised premises a cotton compress, "together with a warehouse or warehouses and cotton platforms, sheds, and appurtenances to the same belonging." In the conduct of its business it was to be expected that these various structures should be used for the storage of cotton belonging to the compress company, or its customers, as well as of other property used by it in connection with its business. The contract contemplated a possibility of a subleasing of the plant or parts thereof, and provided the conditions under which this might be effected. For these reasons the railway company was to be indemnified against claims accruing, not only to the compress company, but to its sublessees and customers for injury to said property. "Any other party," therefore, as here used, would, upon the principle of noscitur a sociis, naturally be taken as meaning one bearing some definite relationship to the compress company, whether as customer, agent, sublessee, or otherwise.

If the above-quoted language should be construed to leave any doubt

as to the proper construction of its meaning, such doubt is effectively removed by the concluding words of section 8, wherein the claims accruing to the aforesaid party are limited to those "arising by reason of the presence of said plant or the operation or maintenance thereof upon the premises of the railway company." If the words, "other property" are to be used in the comprehensive sense urged by counsel for plaintiff in error, it is difficult to understand the particularity with which the contract sets out property located upon the premises only, including buildings and their contents, and why the compress company and any other party interested in said property should be singled out of all others, and why the claims accruing against the railway company should arise by reason of the presence of the plant of the compress company and its operation and maintenance upon the premises of the railway company. Taken as a whole, the eighth section of the contract, outside of the indemnity provision against the compress company's negligence, seems to have been intended as an indemnity to the railway company against any claim for damage by fire or otherwise to such property as might be upon the leased premises pursuant to the lease, including buildings, contents, or other property, either of the compress company or of those with whom it deals in the maintenance and operation of its plant.

The judgment of the District Court must therefore be affirmed.