### CASEY v. STERLING CIDER CO.

(Circuit Court of Appeals, First Circuit. December 21, 1923.)

#### No. 1623.

1. Internal revenue ☞11—Sweet cider not taxable as "soft drink" under Revenue Act of 1918.

The words "and other soft drinks," in Revenue Act 1918, § 628 (a), taxing unfermented grape juice, ginger ale, root beer, sarsaparilla, pop, and other soft drinks, do not include sweet cider.

[Ed. Note.—For other definitions, see Words and. Phrases, Second Series, Soft Drinks.]

2. Statutes ☞225¾—Not assumed that Revenue Act adopted construction of Treasury Department not generally acquiesced in or uniformly enforced.

Where a regulation of the Treasury Department relating to Revenue Act 1917, § 313 (b), and classifying sweet cider as a soft drink, had been in existence for only nine months when Revenue Act 1918, § 628 (a), was

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

enacted and was not generally acquiesced in or uniformly enforced, it will not be assumed that Congress knew of such regulation and considered it as stating the true construction of section 313 (b).

In Error to the District Court of the United States for the District of Massachusetts; James M. Morton, Jr., Judge.

Action by the Sterling Cider Company against Andrew J. Casey, formerly acting Collector of Internal Revenue. Judgment for plaintiff (285 F. 885), and defendant brings error. Affirmed.

Charles T. Hendler, of Washington, D. C. (Nelson T. Hartson, Solicitor of Internal Revenue, of Washington, D. C., Robert O. Harris, U. S. Atty., and Albert F. Welsh, Asst. U. S. Atty., both of Boston, Mass., on the brief), for plaintiff in error.

William W. Armstrong, of Rochester, N. Y., for defendant in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This action is brought by the Sterling Cider Company, a Massachusetts corporation, to recover the sum of $4,248.16 assessed by and paid to the defendant as collector of taxes for a tax assessed under section 628 (a) of the Internal Revenue Act of 1918, approved February 24, 1919 (40 Stat. at Large, 1057, 1116), upon sales made by the plaintiff, between September 1, 1919, and January 1, 1920, of sweet cider and the barrels containing the same; the value and sales price of the cider being $41,229.99 and of the barrels $1,549.61.

The plaintiff duly filed with the collector a claim for refund of the tax on the ground that neither the sweet cider nor the barrels were taxable under the act. The claim was denied, and he appealed to the United States Commissioner of Internal Revenue, who likewise rejected the claim, and this suit was brought.

The defendant, in his answer, admitted all the allegations contained in plaintiff's declaration, except that the tax assessed and collected by him was without authority of law, which he denied, and averred that the tax was lawfully assessed and collected. In the District Court it was found and ruled that the sweet cider was not taxable as a soft drink under section 628 (a) of the Revenue Act of 1918, and it was agreed that judgment for the plaintiff might be entered, upon the finding of the court, for the sum of $4,296.16 damages, with interest amounting to $807.09 and costs; and judgment, having been entered therefor, the defendant brought this writ and assigns the following errors: (1) That the court erred in refusing to rule that the sweet cider manufactured by the plaintiff was a soft drink taxable under section 628 (a); (2) that it erred in refusing to rule that the value or price of the containers in which the sweet cider was sold was properly included in the sales price on which the tax was levied within the meaning of section 628 (a); (3) that it erred in refusing to rule that article 11 of Regulation 52, approved May 3, 1919, was addressed to and reasonably adapted to the enforcement of section 628 (a); (4) that it erred in refusing to rule that article 13 of Regulation 52, approved May 3, 1919, was addressed to and reasonably adapted to the enforcement of

the Revenue Act of 1918; (5) that it erred in refusing to rule that judgment should be entered for the defendant; (6) that it erred in ruling that the sweet cider manufactured by the plaintiff was not a soft drink and not taxable as such under section 628 (a); and (7) that it erred in ruling that judgment should be entered for the plaintiff.

[1] Section 628 reads as follows:

"Sec. 628. That there shall be levied, assessed, collected, and paid in lieu of the taxes imposed by sections 313 and 315 of the Revenue Act of 1917—

"(a) Upon all beverages derived wholly or in part from cereals or substitutes therefor, and containing less than one-half of one per centum of alcohol, sold by the manufacturer, producer, or importer, in bottles or other closed containers, a tax equivalent to 15 per centum of the price for which so sold; and upon all unfermented grape juice, ginger ale, root beer, sarsaparilla, pop, artificial mineral waters (carbonated or not carbonated), other carbonated waters or beverages, and other soft drinks, sold by the manufacturer, producer, or importer, in bottles or other closed containers, a tax equivalent to 10 per centum of the price for which so sold; and

"(b) Upon all natural mineral waters or table waters, sold by the producer, bottler, or importer thereof, in bottles or other closed containers, at over 10 cents per gallon, a tax of 2 cents per gallon."

Upon an identical state of facts the Circuit Court of Appeals in the Second Circuit, in Monroe Cider Vinegar & Fruit Co. v. Riordan, 280 Fed. 624, had under consideration the same questions raised by the present assignment of errors and held that sweet cider was not taxable as a soft·drink under section 628 (a); that article 13 of Regulation 52— which provides that "the term 'other soft drinks' includes, among other drinks, apple juice  *  *  *  and other fruit juices sold as beverages by the manufacturer in bottles or other closed containers"—was inconsistent with the statute; that it amounted to writing into the statute the term "sweet cider," which was not there; and that the article in question was nothing more than an expression of opinion by an administrative officer, and not by a court, and was of no value. We are in full agreement with the conclusion reached in that case, and, as the matters there under consideration were dealt with at great length, we find it unnecessary to restate them.

We will, however, say that it seems to us that a further reason for the conclusion there reached in the construction of section 628 (a) might be stated. It will be noted that in the section "unfermented grape juice" is specifically named as an article subject to the tax and, that following it, the articles "ginger ale, root beer, sarsaparilla, pop, artificial mineral waters (carbonated or not carbonated), other carbonated waters or beverages, and other soft drinks" are named. Because the enumerated articles that follow "unfermented grape juice" are confessedly soft drinks, it is contended that unfermented grape juice is likewise a soft drink; that, grape juice being the expressed juice of the grape and a soft drink, sweet cider, which is the expressed juice of the apple, is also a soft drink, and included within the words "and other soft drinks." But unfermented grape juice, as such and in its natural state, is not drunk as sweet cider is in its natural state. Unfermented grape juice is commonly drunk when water or water and sugar are added, and when so used is a compounded or mixed drink. When so used, it undoubtedly becomes a soft drink. That unfermented grape juice be-

comes a soft drink when water or water and sugar are added is specifically recognized in section 602 (b) of the Revenue Act of 1921, where it is classed as an "unfermented fruit juice," which in its "natural * * * form" is not used as a beverage, but is "intended for consumption as [a] beverage with the addition of water or water and sugar." Although unfermented grape juice, as such, is taxable under the act of 1918, it cannot properly be classed with ginger ale, root beer, sarsaparilla, pop, etc., as a soft drink, or be said to be referred to as belonging to that class by the words "and other soft drinks." This being so, it is plain that sweet cider—a natural fruit juice, not a mixed drink—was not intended to be included in the term "and other soft drinks" as used in section 628 (a).

[2] The plaintiff in error has taken a further position in his brief and argument, apparently not covered by his assignments of error, to the effect that section 628 (a) is a re-enactment, without change, or substantial change, of the provisions of section 313 (b) of the Revenue Act of 1917; that on or about May 31, 1918, the Treasury Department promulgated article 31, regulation 44, construing section 313 (b) as making sweet cider taxable; that Congress was familiar with the provisions of regulation 44 when it enacted section 628 (a) in February, 1919, and did so with the intention that sweet cider should be taxable thereunder. If it be assumed that the question is properly before us, this contention cannot be sustained, for we do not regard section 628 (a) as a re-enactment of section 313 (b) without substantial change. Then again we cannot, on the facts in this case, assume that Congress knew of and considered regulation 44 as stating the true construction of section 313 (b). The regulation had not been in existence for any considerable length of time when section 628 (a) was enacted, and there is nothing to show that it had been consistently enforced and acquiesced in even during that length of time, so that it would be likely to have been known to Congress. The time that elapsed between the promulgation of the regulation and the enactment of the Revenue Act of 1918, of which section 628 (a) was a very small part, was only about nine months, and the act was undoubtedly drafted and introduced long prior to its final adoption. Furthermore counsel for the defendant has presented photostatic copies of letters coming from the office of the Commissioner of Internal Revenue in the Treasury Department, written in October, 1917, and September, 1918, before and after the promulgation of regulation 44, stating that sweet cider was not taxable under the act of 1917; and he further states, without contradiction, that, while the regulation may have been enforced in some places, it was not generally throughout the country, all of which indicates that there was no uniform enforcement of or general acquiescence in the regulation as the true construction of section 313 (b).

The judgment of the District Court is affirmed.