## UNITED STATES v. PHEZ CO.

## SAME v. NORTHWEST FRUIT PRODUCTS CO.

Circuit Court of Appeals, Ninth Circuit.
August 6, 1928.

Nos. 5443, 5444.

Dietrich, Circuit Judge, dissenting.

George Neuner, U. S. Atty., and Millar E. McGilchrist, Asst. U. S. Atty., both of Portland, Or.

Carey & Kerr, Charles A. Hart, Charles E. McCulloch, and Ivan F. Phipps, all of Portland, Or., for defendants in error.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge. Section 628 of the Revenue Act of 1918, 40 Stat. 1116 (Comp. St. § 6161½d (a), provides that there shall be paid "upon all unfermented grape juice, ginger ale, root beer, sarsaparilla, pop, artificial mineral waters (carbonated and not.carbonated), other carbonated waters or beverages, and other soft drinks, sold by the manufacturer, producer, or importer, in bottles or other closed containers, a tax equivalent to 10 per centum of the price for which so sold." Under the provisions of that act the Northwest Fruit Products Company, a corporation, and the Phez Company, a corporation, paid taxes in the years 1919 and 1920 upon bottles of unfermented loganberry juice sold under the registered trade-marks of Phez and Loju. On the ground that said taxes had been illegally assessed and collected, the said corporations recovered in the court below judgments against the United States, in which there was adjudged to be owing to the Northwest Fruit Products Company $1,-779.41, and to the Phez Company, $23,164.-70, of which sum $1,210.46 was for taxes paid on Phez; the remainder being for taxes paid on Loju. The evidence was that Loju was made by adding water and sugar to loganberry juice, the water being two parts to one of the juice, and that Phez consisted only of sweetened loganberry juice, to be diluted by the addition of water to make it fit for use as a beverage.

While there are numerous assignments of error to the findings made by the trial court and its refusal of requested findings, the sole question to be considered on the writs of error is the proper construction of the act, in order to determine whether or not Loju is a soft drink within the meaning thereof, and therefore subject to a tax, for it is conceded that Phez is not included in the term "other soft drinks," and that the judgment for the recovery of the tax paid thereon was properly rendered by the court below. Phez, which is unfermented loganberry juice with sugar added, is admittedly not a soft drink, or taxable within the meaning of the act, for the reason that before it becomes acceptable as a beverage water must be added thereto; but it is contended that Loju is a soft drink, and taxable as such, for the reason that before it is placed upon the market water and sugar are added. To assert, however, that it is potable as a soft drink, is not to answer the question whether in the Revenue Act it was included among the beverages subjected to taxation as embraced in the words "other soft drinks." The act dealt with two distinct kinds of beverages: First, a fruit juice, namely, unfermented grape juice, derived by extracting by mechanical means the juice of the grape; and, second, certain named artificial soft drinks mixed, compounded, or manufactured from various ingredients, at the close of which enumeration, in order to prevent the exclu-

sion of possible other soft drinks of the same nature and similarly manufactured, the lawmakers added the words "and other soft drinks."

Loju is not thus manufactured of divers ingredients; it is nothing but unfermented loganberry juice, diluted with water and sweetened, and it is not of the nature of the soft drinks which are specified. The case is one for the application of the rule of ejusdem generis, in accordance with which such terms as "other," "other things," "others," or "any other," "when preceded by a specific enumeration, are commonly given a restricted meaning and limited to articles of the same nature as those previously described." 25 R. C. L. 997, United States v. Stever, 222 U. S. 167, 174, 32 S. Ct. 51, 56 L. Ed. 145, United States v. Nixon, 235 U. S. 231, 35 S. Ct. 49, 59 L. Ed. 207. That sweet cider, which is sold in bottles as a beverage and is obviously a soft drink, is not included in the term "other soft drinks," is held in the leading case of Monroe Cider Vinegar & Fruit Co. v. Riordan (C. C. A.) 280 F. 624, a decision which was followed in Sterling Cider Co. v. Casey (D. C.) 285 F. 885, and Casey v. Sterling Cider Co. (C. C. A.) 294 F. 426. In the Monroe Cider Case it was said: "As is well known, there are hundreds, perhaps thousands, of manufactured soft drinks with trade-names which are made up of various components, and it was naturally impossible for Congress to attempt to enumerate this large collection of soft drinks, and no doubt Congress intended, under the act under consideration, to tax all kinds of soft drinks in which, among other things, carbonated or artificial waters, or extracts, or sirups, or other ingredients of one kind or another, were used. It is plain, however, that it never was the legislative intent to include sweet cider, for there can be no other explanation of specific mention of unfermented grape juice, on the one hand, or of ginger ale, sarsaparilla, etc., on the other." The reasoning which led to that conclusion as to sweet cider applies with equal force to Loju.

In brief, we think it is clear that Congress, in enacting the Revenue Law of 1918, did not intend to classify unfermented grape juice as a soft drink, and that in employing the words "and other soft drinks" the intention was to include all other artificial manufactured drinks of the same general nature as the soft drinks which had just been enumerated. In harmony with, and confirming, that view of the construction of the act, and the meaning of the term "soft drinks" as used by Congress, is the language of section 602 (b) of the Revenue Act of 1921 (Comp. St. § 6161½d (b), which imposes a tax, first, upon unfermented fruit juices and imitations thereof; and, second, upon all carbonated beverages "commonly known as soft drinks * * * manufactured, compounded, or mixed by the use of concentrate, essence, or extract." "If it can be gathered, from a subsequent statute in pari materia, what meaning the Legislature attached to the words of a former statute, it will amount to a legislative declaration of its meaning, and will govern the construction of the first statute." United States v. Freeman, 3 How. 556, 564 (11 L. Ed. 724); Cope v. Cope, 137 U. S. 682, 688, 11 S. Ct. 222, 34 L. Ed. 832; Tiger v. Western Investment Co., 221 U. S. 286, 306, 31 S. Ct. 578, 55 L. Ed. 738.

The judgment is affirmed.

DIETRICH, Circuit Judge, dissents.