## ARONSON v. WHITE.

### No. 3171.

Circuit Court of Appeals, First Circuit.

Jan. 5, 1937.

Samuel Gottlieb and Israel Gorovitz, both of Boston, Mass., for appellant.

Ellis N. Slack, Sp. Asst. to Atty. Gen. (Robert H. Jackson, Asst. Atty. Gen., J. Louis Monarch, Norman D. Keller, and John E. Garvey, Sp. Assts. to Atty. Gen., and Francis J. W. Ford, U. S. Atty., and Arthur L. Murray, Sp. Asst. to U. S. Atty., both of Boston, Mass., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

Philip J. Aronson, trustee in bankruptcy of the Viking Manufacturing Company, Inc., brought this action at law, in the Federal District Court for Massachusetts, against Thomas W. White, individually and as former collector of internal revenue, to recover $37,021.61, paid on or before April 30, 1933, as taxes assessed on jigsaw picture puzzles manufactured and sold by the Viking Company. The case was tried by the court, a jury being waived in writing, who found for the defendant and entered judgment, from which the plaintiff appealed.

The taxes were assessed under section 609 of the Revenue Act of 1932 (47 Stat. 264 [26 U.S.C.A. § 1420 et seq. note]), which reads as follows:

"Sec. 609. Tax on Sporting Goods.

"There is hereby imposed upon the following *articles,* sold by the manufacturer, producer, or importer, a tax equivalent to 10 per centum of the price for which so sold: *Tennis rackets,* tennis racket frames and strings, nets, racket covers and presses, skates, snowshoes, skis, toboggans, canoe paddles, *polo* mallets, *baseball* bats, gloves, masks, protectors, shoes and uniforms, *football* helmets, harness and uniforms, *basket ball* goals and uniforms, *golf* bags and clubs, *lacrosse* sticks, balls of all kinds, including baseballs, footballs, tennis, golf, lacrosse, billiard and pool balls, fishing rods and reels, *billiard* and *pool tables, chess* and *checker* boards and pieces, *dice, games and parts of games* (except playing cards and children's toys and games); and all similar articles commonly or commercially known as sporting goods." (Italics supplied.)

The defendant takes the position that a jigsaw picture puzzle is a game within the meaning of that word as used in the above section and falls within its broad definition of "an amusement or diversion." Webster's New International Dictionary.

The plaintiff contends, on the other hand, for a more restricted definition; that the word "game" means "a contest, physical or mental, according to certain rules, for amusement, recreation, or for winning a stake" (Webster's New International Dictionary), requiring the participation of two or more persons; that a jigsaw picture puzzle does not come within its terms, and is designed for use by one person and without competition or rules.

The parties concede that the phrase "games and parts of games" mean the articles or instrumentalities used in games and in parts of games, and that it is these articles or instrumentalities the sale of which was to be taxed. It is under this description (games and parts of games) that the jigsaw picture puzzles here in question were held taxable by the court below, the theory being that the putting together of a jigsaw picture puzzle was an amusement or diversion and, therefore, a game, although it involved no competition and only one participant.

It must also be conceded that, as generally understood, a game involves a sport or diversion in which two or more persons contest, and we think the meaning of the word "game" in the phrase here under consideration, when taken in connection with the other ·matters stated in section 609, means the same.

The section is headed "Tax on Sporting Goods." The articles or instrumentalities there specifically named are sporting goods whether they are used in connection with games or in some recreation or diversion other than a game. But the larger portion of the articles specifically named are all used in games of contest between two or more persons, and the question of construction is whether the articles or instrumentalities intended to be covered by the phrase "games and parts of games" mean articles or instrumentalities used in games of contest like the specific articles previously named in the section, which are used in games of tennis, polo, baseball, etc., all of which involve a contest.

We think this question requires an affirmative answer and that the words "games and parts of games" bring into the list of taxables only such other articles as are used in games of contest, the same as those particularly named are and with which they are closely associated. United States v. Stever, 222 U.S. 167, 174, 32 S.Ct. 51, 56 L.Ed. 145; Casey v. Sterling Cider Co. (C.C.A.) 294 F. 426; Monroe Cider Vinegar & Fruit Co. v. Riordon (C.C.A.) 280 F. 624; United States v. Phez Co. (C.C.A.) 28 F.(2d) 106; Hills

v. Joseph (C.C.A.) 229 F. 865; United States v. Florida East Coast R. Co. (C.C.A.) 222 F. 33; United States v. Baumgartner (D.C.) 259 F. 722; 25 R.C.L. 997.

Furthermore, the particular article here sought to be taxed is a puzzle. A puzzle is defined as "something which perplexes or embarrasses; a difficult problem or question; hence a toy, contrivance, question or problem designed for testing ingenuity; as a cross word puzzle." Webster's New International Dictionary. A jigsaw picture puzzle comes squarely within this definition—"a contrivance * * * designed for testing ingenuity." None of the articles specifically named in the statute and used in games is a contrivance designed for testing ingenuity. They are designed for use in games of contest, while a jigsaw puzzle is not.

We recognize that in Baltimore Talking Board Co. v. Miles (C.C.A.) 280 F. 658, 661, the Ouija Board Case, involving section 900 (5) of the Revenue Act of 1918 (40 Stat. 1122), which is substantially the same as section 609 of the Revenue Act of 1932,[1] it was held that an article or instrumentality "not reasonably necessary to comfort according to the average standards of American life" (luxuries) were taxable, if used for "amusement and diversion," on the ground that any article of such a character, if so used, was a game within the meaning of the section. But we think that construction was too broad; that what was meant by the word "games" was restricted to the character of the games previously alluded to in the section, which are all games of contest.

The other articles specifically mentioned in the section and preceding the phrase in question, such as skates, snow shoes, skis, canoe paddles, fishing rods, and reels, have no relation to games and afford no means for the ascertainment of the meaning of the phrase "games and parts of games." They are unquestionably sporting goods.

No well-settled construction had been placed on section 900 (5) of the Revenue Act of 1918 (which was repealed by the Revenue Act of 1921, § 1400, 42 Stat. 320) prior to the enactment of section 609 of the Revenue Act of 1932; for in Mills Novelty Co. v. United States (Ct.Cl.) 50 F.(2d) 476, the article or instrumentality there in question was found to be used in a game of contest, in which at least two persons engaged.

Then again a jigsaw puzzle was never taxed under section 900 (5) of the Revenue Act of 1918. It was not taxed until after the passage of section 609 of the Revenue Act of 1932, when the government attempted to tax it as a game. The act of 1932 became effective June 6, 1932. On August 26, 1932, the Commissioner issued a ruling stating that jigsaw or die-cut picture puzzles were not taxable. On November 14, 1932, he issued a ruling that they were taxable. On February 7, 1933, he ruled that after February 7, 1933, they were taxable if they contained more than fifty pieces. And on April 20, 1933, he ruled that they were taxable after June 21, 1932, if they contained more than fifty pieces. All of which goes to show that the Internal Revenue Department had little, if any, idea whether a jigsaw picture puzzle was an article or instrumentality taxable as a game under the phrase "games and parts of games," particularly when it is said that such a picture puzzle, if it contained more than fifty pieces, was taxable as a game and if it contained fifty pieces or less it was not.

If there is a reasonable doubt as to the meaning of the act, it should be construed most favorably to the taxpayer. Gould v. Gould, 245 U.S. 151, 38 S.Ct. 53, 62 L.Ed. 211. But we see no reason for resorting to that expedient here.

The judgment of the District Court is vacated, and the case is remanded to that court with directions to enter judgment for the plaintiff, with costs in both courts.

---

[1] The only differences being that the latter act added the phrase "tennis racket frames and strings," omitted the word "cushions" after "canoe paddles," substituted "uniforms" for "goals" after the words "football helmets, harness and," and in the last clause, between the words "commonly" and "commercially" substituted the word "or" for "and."