In re BUSH TERMINAL CO.

In re BUSH TERMINAL BLDGS. CO.

CITY OF NEW YORK v. BUSH TERMINAL BLDGS. CO.

No. 113.

Circuit Court of Appeals, Second Circuit.

Jan. 3, 1938.

Paul Windels, Corp. Counsel, of New York City (Paxton Blair and Frank J. Derrick, both of New York City, of counsel), for appellant.

Harold H. Levin, of New York City, for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The Bush Terminal Company, debtor, and the Bush Terminal Buildings Company, subsidiary debtor, are in reorganization proceedings under section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. The City of New York filed a claim for personal property taxes on coal purchased by the Bush Terminal Buildings Company, appellee. Local Law No. 25, published as No. 26 of 1934, p. 175, as amended by Local Law No. 13 of 1935, p. 120, provides for a tax of 2 per cent. upon the value of certain articles of personal property situate or owned within the City of New York. Section 1(k) of the amended Local Law imposes this tax on "Oil, gas, gasoline and other combustibles."

Coal was delivered to the appellee after May 11, 1935, when this amendment became effective. The question presented is whether coal is taxable under the statute. The court below, invoking the rule of ejusdem generis, held that "other combustibles" does not include coal, since that general phrase is preceded by specific items in no way resembling, and not nearly so commonly known or important as, coal.

The city maintains that the local law was intended to reach all personal property on which no sales tax was paid and to include coal within the provision referred to, because coal is a combustible. Appellant's contention that the purpose of the statute was equality and that it was intended to apply to all personal property on which no sales tax was paid does not further its claims. If appellant's theory were correct, the act would have provided that all tangible personal property sold at retail, on which no sales tax had been paid, should be subject to the personal property tax. But, instead, the Personal Property Tax Law mentions specific items and groups of items. In the amendment of May 11, 1935, certain other items were added to the list, including those in section 1(k). The statute clearly contemplated the taxation of not all personalty, but only those items specified.

As to the other contention of appellant, the fact that coal is a combustible does not make it taxable under the words "other combustibles." If "combustibles" are supposed to include everything which is ordinarily intended to be burned, it would have been unnecessary for the statute to enumerate specifically the items which it does in section 1(k). The rule of ejusdem generis applies to such a statute. This rule is based on the theory that, if the Legislature had intended the general words to be used in their unrestricted sense, it would have made no mention of the particular classes. The words "other" or "any other" following an enumeration of particular classes ought to be read as "other such like" and to include only those of like kind or character. U. S. v. Stever, 222 U.S. 167, 32 S.Ct. 51, 56 L. Ed. 145; U. S. v. Chase, 135 U.S. 255, 10 S.Ct. 756, 34 L.Ed. 117; Lyman v. Commissioner, 1 Cir., 83 F.2d 811; Hodgson v. Mountain & Gulf Oil Co., D.C., 297 F. 269; People v. Ryan, 274 N.Y. 149, 153, 8 N.E.2d 313.

While there are exceptions to this rule, the instant case does not come within any of them. Gooch v. United States, 297 U. S. 124, 56 S.Ct. 395, 397, 80 L.Ed. 522, is referred to. The opinion construes the federal kidnapping statute and the provisions providing punishment for transportation across state lines of any "person held for ransom, reward or otherwise, except, in the case of a minor, by a parent thereof." 18 U.S.C.A. § 408a. There, following the general words, were specific exceptions, whose presence pointed to an intention to include everything in the general phrase which had not been definitely excluded. The court held that the words referring to the kidnapping of a child by

a parent "indicate legislative understanding that in their absence a parent, who carried away his child because of affection, might subject himself to condemnation of the statute"; and also pointed out that the debates of Congress showed the insertion of the words "or otherwise" was intended to remove the limitation previously existing. In Helvering v. Stockholms Enskilda Bank, 293 U.S. 84, 93, 55 S.Ct. 50, 53, 79 L.Ed. 211, the question involved was whether interest paid by the government on tax refunds was income under the clause taxing "interest on bonds, notes, or other interest-bearing obligations * * * not including (A) interest on deposits with persons carrying on the banking business." Revenue Act 1926, § 217(a) (1), 44 Stat. 30. The court stated that the general object of the act was to put money in the Treasury and that there was manifest an intention on the part of Congress to tax every sort of income within the federal power. The court said:

"Interest on deposits is no more akin to notes and bonds than is interest on tax refunds; and the fact that the former was expressly excepted from the operation of the substantive provision quite clearly justifies the conclusion that the lawmakers attached to the general clause a larger meaning than it would have if limited to things ejusdem generis with those specifically enumerated. Certainly, if it was necessary to save interest on deposits from the embrace of a general clause by an exception, it was equally necessary to save interest on tax refunds by a like exception."

No exceptions follow the general phrase used in the Personal Property Tax Law; and the only remaining exception to the rule of ejusdem generis is the case where the particular words exhaust the class, in which instance the general words must be construed as embracing something outside of the class. U. S. v. Mescall, 215 U.S. 26, 31, 30 S.Ct. 19, 54 L.Ed. 77. But in this case the items specified did not exhaust their respective classes.

An examination of the statute in its entirety indicates a clear intent, because of the enumeration of items of personal property which are taxable, that the local Legislature did not desire to tax coal in its further amendment of the Personal Property Tax Law. Taxing statutes may not be extended by implication, and an in-

tention by the lawmakers to impose the tax must be expressed in the statute. Smietanka v. First Trust & Savings Bank, 257 U.S. 602, 42 S.Ct. 223, 66 L.Ed. 391; In re Flatbush Gum Co., 2 Cir., 73 F.2d 283.

Order affirmed.