**UNITED STATES of America,
Appellee,**

v.

**Humberto LLANOS and Armando
Mosquera, Defendants,**

**Fred ROJAS, Defendant–Appellant.**

**Docket No. 02–1461.**

United States Court of Appeals,
Second Circuit.

March 7, 2003.

courts to clarify the precise scope of the statute.

B. Alan Seidler, Nyack, N.Y., for Appellant.

Elaine D. Banar, Assistant United States Attorney, Eastern District of New York (Roslynn R. Mauskopf, United States Attorney, on the brief; David C. James, Assistant United States Attorney), New York, N.Y., for Appellee, of counsel.

Present: STRAUB, KATZMANN, and RAGGI, Circuit Judges.

### SUMMARY ORDER

AFTER SUBMISSION AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Defendant–Appellant Fred Rojas ("Rojas") appeals from a July 15, 2002 judgment of the District Court denying Rojas's motion to correct his Pre–Sentence Report ("PSR") (Gleeson, *Judge*). Rojas brought his motion under Fed.R.Crim.P. 36, requesting that his PSR be altered to reflect that he is a "national" of the United States, not an "alien." Rojas does not claim that the alleged defect in classification had any effect on his sentence calculation. Rather, he requests this relief so that prison officials will alter his classification level in order that he may take advantage of various prison drug programs and other benefits, including "camp," "halfway house," and a one-year sentence credit for completing 500 hours of narcotics counseling.

Rojas is not currently a citizen of the United States. He was a resident alien in March 1994 when he applied for citizenship. In September 1995, Rojas's application was approved by an INS District Director, but he claims he did not receive notice of the approval. In January 1996, Rojas pleaded guilty to one count of conspiracy to distribute and possess with the intent to distribute cocaine base in violation of 21 U.S.C. §§ 846 & 841(b)(1)(A). As part of his plea agreement, Rojas waived the right to appeal his sentence. In August 1996, Rojas was sentenced to 130 months' imprisonment and five years' supervised release. Subsequently, in May 1997, Rojas's citizenship application was denied.

In January 2002, Rojas brought the present motion seeking to "correct" his PSR to reflect that he is a national. Rojas's theory is that by applying for citizenship, he has demonstrated compelling evidence of a permanent allegiance to the United States. In denying Rojas's motion, the District Court concluded that "putting aside the procedural defects in Rojas's motion," the application fails on the merits because "the narrow status of [a] noncitizen [who can qualify as a national] does not include noncitizens who, after being convicted of narcotics trafficking, profess a subjective permanent allegiance to the United States." * We affirm the District Court's dismissal of Rojas's motion on procedural grounds, without reaching the merits of Rojas's claim that he is a national.

First, despite the fact that Rojas's PSR categorized him as an "alien," counsel made no objection to this designation at sentencing. Rojas thereby waived any right to object to the PSR in further proceedings. *See, e.g., United States v. Diaz*, 176 F.3d 52, 117 (2d Cir.) ("In order to preserve an issue for appeal, a defendant must either object to the presentence re-

---

* The government concedes that the District Court "misapprehended" the timing of Rojas's expression of allegiance. Rojas's theory of allegiance is based on his application for citizenship prior to his arrest.

port or ... raise the objection at the time of sentencing." (internal quotation marks omitted)), *cert. denied,* 528 U.S. 875, 120 S.Ct. 181, 145 L.Ed.2d 153 (1999); *United States v. Borst,* 62 F.3d 43, 47 (2d Cir. 1995). Nor does the plain error doctrine require relief. *Cf. Diaz,* 176 F.3d at 118 (where alleged error had no effect on defendant's Guidelines range, no manifest injustice existed). Although Rojas claimed in his motion that he had informed the probation department that he is a national, but was "apparently ... ignored," counsel stated at sentencing that he had reviewed the PSR personally and "on a number of occasions with Mr. Rojas." Rojas also indicated that he had read the PSR. We note also that while Rojas claims that he did not receive notice that the application was initially approved, his theory of "nationality" is based primarily on his completion of the application, not on the fact that the application was granted. Rojas was fully capable of arguing that theory to the District Court at the time of sentencing.

■ Second, Fed.R.Crim.P. 36 is not a proper vehicle for Rojas's motion. Rule 36, as recently amended, provides: "After giving notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed.R.Crim.P. 36 (amended Dec. 1, 2002). "Rule 36 covers only minor, uncontroversial errors ... [and not] an error of law." *United States v. Werber,* 51 F.3d 342, 347–48 (2d Cir.1995). Further, "a clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Burd,* 86 F.3d 285, 288 (2d Cir.1996) (internal quotation marks omitted). Were Rojas's citizenship status undisputed, Rule 36 might have been an appropriate means for the District Court to correct the PSR. However, Rojas's

claim that he is a national is based on completion of a citizenship application that has now been denied, and Rojas is currently serving a sentence for a narcotics conviction. His claim involves more than the "mechanical" correction of a clerical error.

For the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.