**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-40977
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RAMON PADILLA-AVILEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:08-CR-216-ALL

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ramon Padilla-Avilez (Padilla) appeals his guilty plea conviction for being illegally present in the United States after having been deported. Padilla argues for the first time on appeal that the district court erred by imposing a 16-level crime of violence enhancement to his offense level because the presentence report (PSR) incorrectly cited U.S.S.G. § 2L1.1(b)(1), rather than § 2L1.2, as the basis for the enhancement. Padilla does not contend that the prior conviction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that resulted in the 16-level increase was not a crime of violence, nor does he challenge the existence of the conviction.

We review for plain error. *See United States v. Garza-Lopez*, 410 F.3d 268, 272 (5th Cir. 2005). To show plain error, the appellant must show an error that is clear or obvious and that affects his substantial rights. *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009). If the appellant makes such a showing, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

It is evident that the PSR's reference to Section 2L1.1(b)(1) was merely a typographical or clerical error. The remedy for such an error is, at best, remand for correction of the error. *See* Fed. R. Crim. P. 36. However, because he has not shown that the error affected his substantial rights, remand is not warranted. *See Baker*, 538 F.3d at 332; *United States v. Acuna-Chavez*, 77 F. App'x 262, 264 (5th Cir. 2003).

In light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Padilla challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). *United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 872 (2008).

AFFIRMED.