# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-10521

United States Court of Appeals
Fifth Circuit

**FILED**

June 26, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

ROBERT A. MACKAY, also known as Fat Boy, also known as Bob Mackay, also known as Fatman,

Defendant–Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before SMITH, WIENER, and PRADO, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:

## I.    INTRODUCTION AND BACKGROUND

Defendant–Appellant Robert A. Mackay ("Mackay") pled guilty to conspiracy to distribute and to possession with intent to distribute marijuana—not cocaine. But the cover sheet of his presentence report ("PSR") erroneously listed his offense as conspiracy to possess with intent to distribute, and distribution of, *cocaine,* and so did his judgment. The clerical error had no effect on Mackay's conviction or sentence. Mackay's counsel neglected to object to the misstatement on the PSR under Federal Rule of Criminal Procedure 32(f) or to file a postjudgment motion to correct the misstatement in the judgment. Thirteen years after the entry of judgment, Mackay filed a pro se

motion with the district court under Federal Rule of Criminal Procedure ("Rule") 36 to correct these errors. Rule 36 provides that the district court may "at any time correct a clerical error in a judgment, order, or other part of the record." The district court corrected the judgment, but refused to correct the misstatement on the PSR because it concluded the "PSR is not a court order that can be corrected under Rule 36," citing *United States v. Llanos*, 59 F. App'x 412, 414 (2d Cir. 2003).

Mackay, proceeding pro se, timely appealed, and this Court granted him leave to proceed in forma pauperis. Mackay argues the PSR is "part of the record," and that this error is not harmless because the Bureau of Prisons ("BOP") uses his PSR for classification and designations. The government concedes in its brief that Mackay's PSR contains a clerical error and that "the BOP records do reflect a conviction for cocaine rather than marijuana," but argues the PSR is not a "part of the record" within the meaning of Rule 36, and that the error is harmless. We reverse.

## II.     DISCUSSION

The district court had jurisdiction under 18 U.S.C. § 3231, and this Court has jurisdiction under 28 U.S.C. § 1291 to review the district court's final decision, denying Mackay's Rule 36 motion.

### A.     Standard of Review

The parties dispute the applicable standard of review. Mackay contends the district court's decision should be reviewed for abuse of discretion, relying on our unpublished decision in *United States v. Harrill*, 91 F. App'x 356, 357 (5th Cir. 2004) (concluding "the district court did not abuse its discretion in denying Harrill's Rule 36 motion"). The government suggests the district court's decision turned on its interpretation of the phrase "other part of the record" as used in Rule 36, and its decision should therefore be reviewed de novo. The government also argues "harmless-error analysis applies," citing

No. 13-10521

Rule 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.").

We review the district court's final order denying Mackay's Rule 36 motion de novo because the facts are undisputed, leaving only questions of law. *United States v. Clayton*, 613 F.3d 592, 595 (5th Cir. 2010); *see also United States v. Brown*, 303 F.3d 582, 589 (5th Cir. 2002) ("We review the district court's interpretation of [Federal] Rule [of Criminal Procedure] 16(a)(1) *de novo*.").

## B.    The PSR as a "Judgment, Order, or Other Part of the Record"

Mackay's appeal raises a question of interpretation of Rule 36 that, the parties agree, presents an issue of first impression.  Mackay contends that, as a matter of common sense, the district court should have corrected the clerical error in the PSR under Rule 36 because the PSR is a "part of the record."  The government counters that two canons of construction govern this appeal: (1) *ejusdem generis* and (2) *generalia specialibus nonderogant*.  Under *ejusdem generis* (Latin for "of the same kind"), the government contends "other part of the record" must be interpreted in reference to the preceding terms "judgment" and "order"; thus, the general language "other part of the record" is limited to court-created documents that are similar to orders and judgments.  Because the PSR is "created by probation officers, not the court, and [is] submitted to the court and the parties under seal, rather than entered by the court like judgments and orders," the government argues the PSR is "more like documents filed by the parties than judgments or orders."  Under *generalia specialibus nonderogant* (Latin for "the specific governs the general"), the government points to Rule 32, which specifically governs PSRs and requires the parties to file written objections to the PSR within fourteen days.  The government argues this specific rule trumps the general terms contained in Rule 36.  Thus, the government contends, "Mackay's lack of objection to the

PSR's error within the time limit Rule 32 provides is fatal to his claim." Mackay did not address these arguments in his reply.

Courts "typically use *ejusdem generis* to ensure that a general word will not render specific words meaningless." *CSX Transp., Inc. v. Ala. Dep't of Revenue*, 131 S. Ct. 1101, 1113 (2011). "This rule is based on the theory that, if the Legislature had intended the general words to be used in their unrestricted sense, it would have made no mention of the particular classes." *In re Bush Terminal Co.*, 93 F.2d 659, 660 (2d Cir. 1938). "The words 'other' or 'any other' following an enumeration of particular classes ought to be read as 'other such like' and to include only those of like kind or character." *Id.* (citing *United States v. Stever*, 222 U.S. 167 (1911), among other sources). "'But this is only a rule of construction to aid us in arriving at the real legislative intent. It is not a cast-iron rule, it does not override all other rules of construction, and it is never applied to defeat the real purpose of the statute." *United States v. Mescall*, 215 U.S. 26, 27 (1909).

With this principle in mind, we turn to the specific words "judgment" and "order" to interpret the general words "other part of the record." *Black's Law Dictionary* defines "judgment" as "[a] court's final determination of the rights and obligations of the parties in a case." *Black's Law Dictionary* 918 (9th ed. 2009). *Black's Law Dictionary* defines "order" as "1. A command, direction, or instruction," or "2. A written direction or command delivered by a court or judge. · The word generally embraces final decrees as well as interlocutory directions or commands." *Id.* at 1206. We conclude that a PSR is "of like kind or character." *See Bush Terminal*, 93 F.2d at 660. Like a judgment, the PSR determines the rights and obligations of the defendant going forward. As the Eighth Circuit observed, the PSR "not only affects the length of the sentence, but might also determine the defendant's place of incarceration, chances for parole, and relationships with social service and correctional agencies after

release from prison." *United States v. Brown*, 715 F.2d 387, 389 n.2 (8th Cir. 1983).[1] Further, like an order, the PSR contains "directions or instruction" about the defendant's sentence. Because the PSR affects the rights and obligations of the defendant, we conclude it is of like kind or character as a "judgment" or "order" and that it is embraced by the terms "other part of the record" as used in Rule 36.

We reject the government's argument to the contrary because the government's focus on the PSR's creator contradicts our precedent interpreting identical language in the civil version of Rule 36. The government contends PSRs are not "part of the record" because they "are created by probation officers, not the court." The government does not cite authority in support of this interpretation, and we are aware of none. Further, the government's argument runs contrary to our interpretation of Rule 36's civil twin, Federal Rule of Civil Procedure 60(a) ("The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a

---

[1] The Eighth Circuit relied on an empirical law review article that the authors wrote under a contract with the Federal Judicial Center. The authors concluded that, if the defendant is incarcerated, the PSR

> is used in determining both the proper institution and the defendant's classification within the institution. The [PSR] also plays a crucial role in parole decisions and in aiding parole supervision when the defendant returns to the community. Finally, the [PSR] serves as a source of information beyond its use in the treatment and supervision of the offender: it is requested frequently by correctional, social service, and law enforcement agencies, by researchers, and by others who come into contact with the offender.

Stephen A. Fennell & William N. Hall, *Due Process at Sentencing: An Empirical and Legal Analysis of the Disclosure of Presentence Reports in Federal Courts*, 93 Harv. L. Rev. 1615, 1628 (1980) (footnotes omitted). Further, here, the government concedes in its brief that "some of Mackay's BOP records do reflect a conviction for cocaine rather than marijuana." The government goes on to argue Mackay has not exhausted his administrative remedies, but the availability of administrative remedies is not in the record on appeal and is therefore not properly before this Court.

*judgment, order, or other part of the record.*" (emphasis added)).[2]   Under Federal Rule of Civil Procedure 60(a), we remanded for correction of a clerical error contained in a settlement agreement drafted by the parties. *Matter of W. Tex. Mktg. Corp.*, 12 F.3d 497, 498 (5th Cir. 1994).   There, under the terms of a settlement agreement, the IRS overpaid Kellogg by over $500,000 due to a clerical error. *Id.* at 499–500.  We explained that: "A mistake correctable under Rule 60(a) need not be committed by the clerk or the court and Rule 60(a) is even available to correct mistakes by the parties." *Id.* at 503–04.  We held "the relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the parties . . . or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule." *Id.* at 504.  "As long as the intentions of the parties are clearly defined and all the court need do is employ the judicial eraser to obliterate a mechanical or mathematical mistake, the modification will be allowed."  *Id.* at 504–05.  Here, it is undisputed the mistake is a clerical error, and therefore, remand for correction of the PSR is warranted.

The government's argument based on Rule 32 is also unavailing.  Rule 32(f)(1) provides: "Within 14 days after receiving the presentence report, the parties must state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report."  But, as the Supreme Court observed, "the ancient interpretive principle that the specific governs the general (*generalia specialibus non derogant*) applies only to *conflict* between laws of equivalent dignity."  *Nitro-Lift Techs., L.L.C. v. Howard*, 133 S. Ct. 500, 504 (2012) (emphasis added).  Here, there is no conflict.  The focus of Rule 32 is on

---

[2] Rule 36 and Federal Rule of Civil Procedure 60(a) codified the same existing common law rule.  Rule 36, advisory committee notes ("This rule continues existing law.  The rule is similar to rule 60(a) of the Federal Rules of Civil Procedure." (citations omitted)).

substantive "material information" such as "sentencing guideline ranges" and "policy statements." Thus, there is no conflict between Rule 32's time limit to raise substantive objections to material information and Rule 36's provision that clerical errors may be raised "at any time." The relationship between Rules 32 and 36 of the criminal rules is similar in this regard to that between Federal Rules of Civil Procedure 59(e) or 60(b), which impose time limits, and Federal Rule of Civil Procedure 60(a), which allows a motion at any time. *See* 11 Charles A. Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 2854 (3d ed. 2013) ("Errors of a more substantial nature are to be corrected by a motion under [Federal] Rules [of Civil Procedure] 59(e) or 60(b)"; whereas, "[Federal Rule of Civil Procedure 60](a) deals solely with the correction of errors that properly may be described as clerical or as arising from oversight or omission."). Because Rule 32 and Rule 36 address two separate categories of errors, they do not conflict. Thus, Rule 32 does not bear on our interpretation of Rule 36.

We note that our conclusion is consistent with persuasive authority. In *United States v. Knockum*, 881 F.2d 730 (9th Cir. 1989), the Ninth Circuit directed the district court "to forward a transcript of the sentencing hearing to the Bureau of Prisons to be attached to the presentence report on Knockum" under Rule 36. *Id.* at 733. The court explained:

> There is . . . a ready remedy for failure of the district court . . . to attach the transcript of the sentencing hearing to the presentence report. That remedy is provided by Fed. R. Crim. P. 36, which provides that clerical mistakes in judgments, orders or other parts of the record "may be corrected by the court at any time."

*Id.* at 732. Our conclusion is also consistent with the view of a leading treatise,[3] which states that, although Rule 36's civil twin, Federal Rule of Civil

---

[3] The advisory committee notes to Federal Rule of Civil Procedure 60(a) state: "The amendment incorporates the view expressed in . . . *Moore's Federal Practice.*"

No. 13-10521

Procedure 60(a), "does not define what constitutes the 'record' for purposes of the application of the rule," "[t]he interests of judicial administration call for a broad interpretation of the term 'record,' and a few courts have given such a broad interpretation of the term."  12 James Wm. Moore et al., *Moore's Federal Practice* § 60.10 (3d ed. 2014) (collecting sources).

Further, the case relied on by the district court, *United States v. Llanos*, 59 F. App'x 412 (2d Cir. 2003), is not to the contrary, as the government itself concedes in its brief.  There, the defendant argued his PSR erroneously stated he was an "alien" even though he is a United States national.  *Id.* at 413.  The Second Circuit rejected his appeal because Rule 36 was "not a proper vehicle for his motion."  *Id.* at 414.  The court explained that the defendant's citizenship status was disputed and was based on a citizenship application that had been denied.  Thus, the court concluded the defendant's "claim involves more than the 'mechanical' correction of a clerical error."  *Id.* at 414.  Thus, *Llanos* is irrelevant because it concerned a material error, whereas all parties agree that the error here is clerical.

Finally, we note the limits of our holding.  As under Federal Rule of Civil Procedure 60(a), "[l]et it be clearly understood that Rule [36] is not a perpetual right to apply different legal rules or different factual analyses to a case.  It is only mindless and mechanistic mistakes . . . and no new additional legal perambulations which are reachable through" Rule 36.  *See W. Tex. Mktg.*, 12 F.3d at 505.

Therefore, we conclude the PSR is a "part of the record" within the meaning of Rule 36.  Further, we conclude this error is not harmless because it affects Mackay's substantial rights.[4]

---

[4] *See supra* note 1 and accompanying text.

No. 13-10521

## III.   CONCLUSION

For the foregoing reasons, we REVERSE the district court and REMAND with instructions to the district court to correct the clerical error in the PSR.