# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-20576
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 1, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SANTOS DIAZ-SOTO, also known as Jason A. Duran-Mejia,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-12-2

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Santos Diaz-Soto (Diaz) pleaded guilty to Counts 2 and 3 of a second superseding indictment that charged him with interfering with commerce by robbery in violation of 18 U.S.C. § 1951(a) and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). He was sentenced to consecutive 163-month and 84-month prison terms and to concurrent three-year terms of supervised release. Diaz filed a timely notice

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of appeal. Diaz's unopposed motion to adopt the opening brief filed by his original appellate counsel is granted.

Diaz argues that the district court erred in applying a four-level enhancement pursuant to U.S.S.G. § 3B1.1(a) based on his role as a leader or organizer of the offense. The district court heard live testimony from a case agent that Diaz recruited at least one other participant in the offense. Diaz contends that the case agent's testimony is contrary to a statement made by one of Diaz's codefendants that it was yet another codefendant who had recruited the participant at issue. In light of the case agent's testimony, however, the district court did not clearly err in applying the enhancement. *See United States v. Marquez*, 685 F.3d 501, 508-09 (5th Cir. 2012); *United States v. Curtis*, 635 F.3d 704, 720 & n.57 (5th Cir. 2011).

Additionally, Diaz has noted a clerical error in the record and in the judgment. The minute entry from his rearraignment proceeding erroneously stated that he pleaded guilty to all three counts of the second superseding indictment, and this clerical error carried over to the presentencing report (PSR) and to sentencing. The PSR is a part of the record for purposes of Federal Rule of Criminal Procedure 36, and Diaz's PSR should be corrected to the extent that it states that he was convicted of Count 1 of the second superseding indictment. *See United States v. Mackay*, 757 F.3d 195, 197-98, 200 & nn.1, 4 (5th Cir. 2014). The judgment erroneously states that Diaz was convicted of Count 1 of the second superseding indictment, and it imposes a punishment and assesses a $100 special assessment on that count. Accordingly, the case is REMANDED for the sole purpose of correcting these clerical errors in the record and in the judgment. *See* FED. R. CRIM. P. 36. The judgment of the district court is in all other respects AFFIRMED.