# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-40971
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DARYEL ANTHONY HOLLEY, also known as Hoopty,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CR-221-3

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Daryel Anthony Holley, federal prisoner # 18321-078, pleaded guilty of conspiring to possess with the intent to distribute more than five kilograms of cocaine. After the district court entered its judgment of conviction and sentence, Holley filed a motion under Federal Rule of Criminal Procedure 36 to correct a purported oversight in his presentence report (PSR). He asserted that the PSR inaccurately referred to the conspiracy of which he was a part as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the "Daryel Holley (Holley) drug trafficking organization," even though he was not the principal leader or organizer of the organization.  He complained that the bureau of prisons relied on that information to assign him a more restrictive custody classification.  Holley now appeals the district court's denial of his motion.

Rule 36 provides that a district court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  FED. R. CRIM. P. 36.  A PSR is considered part of the record that may be corrected under Rule 36.  *United States v. Mackay*, 757 F.3d 195, 200 (5th Cir. 2014).  However, relief under Rule 36 is appropriate only when "the court intended one thing but by merely clerical mistake or oversight did another."  *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008) (internal quotation marks and citation omitted).

In this case, the changes that Holley requested be made to his PSR would have required more than the mechanical correction of a clerical error, or error arising from an oversight or omission.  Removing the PSR's references to the Holley drug trafficking organization would have resulted in the district court making substantive changes to the facts stated in that document.  Holley has not shown that the district court erred in denying his request for relief under Rule 36.  *See Mackay*, 757 F.3d at 200 (noting that Rule 36 does not create the right to perpetually apply "different factual analyses to a case").

The Government's motion for summary affirmance is GRANTED, its alternative motion for an extension of time to file an appellee's brief is DENIED, and the judgment of the district court is AFFIRMED.