# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 11, 2015

Lyle W. Cayce
Clerk

No. 15-50323
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DEXTER DARNELL HEWITT, also known as Dexter Curnell Hewitt,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-149-1

Before JOLLY, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Dexter Darnell Hewitt, federal prisoner # 83401-180, seeks leave to proceed in forma pauperis (IFP) in his appeal of the denial of a motion to correct a purported clerical error in the record under Federal Rule of Criminal Procedure 36. According to Hewitt, the probation officer erroneously used two 1990 convictions in the presentence report (PSR) to determine that Hewitt was a career offender for purposes of calculating his guidelines sentencing range.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50323

The district court denied relief because Hewitt did not allege the type of error correctable under Rule 36. The court ultimately reissued its ruling after granting Hewitt's motion for reconsideration. The court denied leave to proceed IFP on appeal and certified that the appeal was not taken in good faith.

By moving for leave to proceed IFP, Hewitt is challenging the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a)(5). Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). We consider the IFP motion de novo. *See United States v. Boutwell*, 896 F.2d 884, 890 (5th Cir. 1990) (one-judge order).

Hewitt contends that the district court erred in determining that he did not identify a correctable error under Rule 36. He argues that his two 1990 convictions were too old to use under the Sentencing Guidelines and that the error was subject to correction under Rule 36 because the PSR is part of the record, citing *United States v. Mackay*, 757 F.3d 195 (5th Cir. 2014). He contends that the error affects his substantial rights because the Bureau of Prisons uses the PSR for classification and designation purposes.

While the PSR is part of the record for purposes of Rule 36, *Mackay*, 757 F.3d at 198, Hewitt has not identified a clerical error. He has not shown that "the court intended one thing but by merely clerical mistake or oversight did another." *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008) (internal quotation marks and citation omitted). Instead, he seeks to correct an allegedly erroneous application of the Sentencing Guidelines. Because Rule 36 does not permit new factual or legal analyses, *see Mackay*, 757 F.3d at 200, Hewitt's appeal is frivolous and not taken in good faith, *see Howard*, 707 F.2d

at 220.  The motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.