# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40909
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 16, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO RIVERA,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:08-CR-488-1

Before CLEMENT, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Antonio Rivera, federal prisoner # 42223-279, moves for leave to proceed in forma pauperis (IFP) on appeal from the denial of his motion to reconsider the grant of a sentence reduction under 18 U.S.C. § 3582(c)(2), and his motion to correct the presentence report (PSR) pursuant to Federal Rule of Criminal Procedure 36. When, as here, a district court certifies that an appeal is not taken in good faith, the appellant may pay the filing fee or challenge the court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Rivera asserts that the district court erred in granting relief pursuant to § 3582(c)(2), and reducing his sentence to 188 months in prison; he argues that the district court downwardly varied by 45 months at his original sentencing, and he should have received the same variance from the amended guidelines range. However, U.S.S.G. § 1B1.10 and its commentary state that a defendant may not have his sentence reduced below the amended guidelines range (which does not take into account any departure or variance) even if he received a downward departure or variance at his initial sentencing, except where he was sentenced below the guidelines range due to a government motion to reflect his substantial assistance. *See* § 1B1.10(b)(2)(B) & comment. (n.3). Rivera did not receive a downward departure because of a government motion to reflect his substantial assistance but rather was granted a downward variance based on the 18 U.S.C. § 3553(a) factors. Accordingly, in view of the plain language of § 1B1.10, and the relevant commentary thereto, the district court was unable to reduce Rivera's sentence below the minimum prison term established by the amended guidelines range. *See United States v. Moore*, 733 F.3d 161, 162-63 (5th Cir. 2013) (noting that commentary to Guidelines is authoritative unless it violates the Constitution or a federal statute or is contrary to a guideline). Rivera's 188-month sentence was the bottom of the amended guidelines range and, thus, the district court imposed the maximum allowable reduction.

Also, Rivera argues that the district court committed various errors in determining his original sentence and that his trial counsel was ineffective at

the initial sentencing.  Claims that concern a defendant's original sentence or which do not implicate a defendant's eligibility for a sentence reduction under § 3582(c)(2) in light of a retroactively applicable amendment to the Sentencing Guidelines do not provide a basis for relief pursuant to § 3582(c)(2).  *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011).

Finally, Rivera maintains that he was entitled to relief pursuant to Rule 36 because the PSR wrongly set forth that he was a member of a prison gang.  Rule 36 provides that a district court may at any time correct a clerical error in the record arising from oversight or omission.  FED. R. CRIM. P. 36.  However, relief under Rule 36 is proper only when "the court intended one thing but by merely clerical mistake or oversight did another."  *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008) (internal quotation marks and citation omitted).  Here, the changes that Rivera sought to have made to the PSR did not involve the mechanical correction of a clerical error or concern an error arising from an oversight or omission.  Rather, Rivera requested that the district court make substantive changes to the facts in the PSR.  Such changes may not be made pursuant to Rule 36.  *See United States v. Mackey*, 757 F.3d 195, 200 (5th Cir. 2014).

Thus, Rivera's appeal does not present a nonfrivolous issue and has not been brought in good faith.  *See Howard*, 707 F.2d at 220.  The motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at n.24; 5TH CIR. R. 42.2.