# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-11259
c/w No. 16-10103
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES LEE WILLIAMS, II, also known as James Lee Williams,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-225-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

James Lee Williams, II, federal prisoner # 97021-079, appeals the district court's denial of his two motions under Federal Rule of Criminal Procedure 36 to correct the Presentence Report ("PSR") Addendum that was used by the district court in determining his sentence. Williams is serving a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

120-month sentence for wire fraud. The appeals from the denial of both motions are CONSOLIDATED.

In this court, Williams argues the district court erred in denying his Rule 36 motions. He asserts that, at sentencing, the district court erroneously denied a reduction for acceptance of responsibility because the court's decision was based on inaccurate information regarding Williams's conduct while incarcerated. Specifically, Williams contends that paragraph 71 of the PSR Addendum incorrectly stated that he had two incident reports for lying or falsifying a statement when he had only one such incident. Additionally, the PSR Addendum stated he saw the Disciplinary Hearing Officer when he actually saw the Unit Disciplinary Committee. He also challenges statements in the same paragraph regarding pending disciplinary proceedings for other incidents.

In cases where there are no factual disputes, we review a district court's denial of a Rule 36 motion *de novo*. *United States v. Mackay*, 757 F.3d 195, 197 (5th Cir. 2014). The relief Williams seeks is not just the correction of the record but resentencing based on a completely recalculated Guidelines range. This is not the type of error that is correctable under Rule 36. *See* FED. R. CRIM. P. 36; *Mackay*, 757 F.3d at 200; *see also United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008).

Accordingly, the judgments of the district court are AFFIRMED. Williams's motion for judicial notice and supplemental motion for judicial notice are DENIED.