# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50487
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 8, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERGIO RIVERA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:10-CR-207-16

Before JOLLY, DAVIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Sergio Rivera, federal prisoner # 86921-279, moves for leave to proceed in forma pauperis (IFP) on appeal from the denial of his motion to correct the presentence report (PSR) pursuant to Federal Rule of Criminal Procedure 36. When, as here, a district court certifies that an appeal is not taken in good faith, the appellant may pay the filing fee or challenge the court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50487

into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Rivera maintains that he was entitled to relief pursuant to Rule 36 because the PSR wrongly set forth that he last used drugs at age 29. Rule 36 provides that a district court may at any time correct a clerical error in the record arising from oversight or omission. FED. R. CRIM. P. 36. However, relief under Rule 36 is proper only when "the court intended one thing but by merely clerical mistake or oversight did another." *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008) (internal quotation marks and citation omitted). Here, the changes that Rivera sought to have made to the PSR did not involve the mechanical correction of a clerical error or concern an error arising from an oversight or omission. Rather, Rivera requested that the district court make substantive changes to the facts in the PSR. Such changes may not be made pursuant to Rule 36. *See United States v. Mackey*, 757 F.3d 195, 200 (5th Cir. 2014).

Thus, Rivera's appeal does not present a nonfrivolous issue and has not been brought in good faith. *See Howard*, 707 F.2d at 220. The motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at n.24; 5TH CIR. R. 42.2.