# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10678
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
January 4, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

COREY JACKSON,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CR-286-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

Corey Jackson, federal prisoner # 42489-177, appeals the denial of his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion to correct the record per Federal Rule of Criminal Procedure 36. He contends that the district court did not sentence him as a career offender under U.S.S.G. § 4B1.1 and should have corrected the written judgment to reflect the oral pronouncement at sentencing. He seeks to have the label of "career offender" deleted from the record.

Rule 36 states that the district "court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." The rule applies, however, only to clerical errors and not substantive matters. *United States v. Mackay*, 757 F.3d 195, 197-200 (5th Cir. 2014). The record does not reflect that there is any error, clerical or otherwise, concerning Jackson's classification as a career offender. The court's remarks at sentencing and the written Statement of Reasons reflect that the guideline range was determined under § 4B1.1 because Jackson met the criteria for a career offender and that the court varied down from that range based on its consideration of the 18 U.S.C. § 3553(a) factors. Further, the proposed change is substantive, rather than clerical, and could not be made under Rule 36. *See Mackay*, 757 F.3d at 200.

Jackson briefly claims that the docket sheet erroneously reflects that he was sentenced under 18 U.S.C. § 924(e)(1) as an armed career criminal. Although the indictment charged a violation of 18 U.S.C. §§ 922(g) and 924(e)(1), the other pleadings and the sentencing transcript reflect that the maximum term for the § 922(g) offense was 120 months under § 924(a)(2). There is no indication in the record that Jackson received an enhanced sentence under § 924(e)(1). He has not demonstrated that the record contains a clerical error indicating that he was sentenced under the Armed Career Criminal Act.

The order denying the motion to correct the record is AFFIRMED.