# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10234
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 18, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL ESCAMILLA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-274-2

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:*

Manuel Escamilla, federal prisoner # 08945-062, appeals the district court's order denying his motion to correct the record pursuant to Federal Rule of Criminal Procedure 36. He argues that the district court miscalculated his total offense level, which resulted in an incorrect amended guidelines range, in the order granting his 18 U.S.C. § 3582(c)(2) motion. Escamilla also raises

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing errors based on *Mathis v. United States,* 136 S. Ct. 2243 (2016), and *Alleyne v. United States,* 570 U.S. 99 (2013).

In cases where there are no factual disputes, we review a district court's denial of a Rule 36 motion de novo. *United States v. Mackay*, 757 F.3d 195, 197 (5th Cir. 2014). Under Rule 36, the district "court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36. However, the rule applies only to clerical errors and not substantive matters. *Mackay*, 757 F.3d at 197-200. The record does not reflect that there is any error, clerical or otherwise, concerning the calculation of Escamilla's total offense level. The proposed change to his total offense level sought by Escamilla is substantive, rather than clerical, in nature and could not be made under Rule 36. *See Mackay*, 757 F.3d at 200; *see also United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008). Additionally, Escamilla's *Mathis* and *Alleyene* claims are challenging sentencing errors to which correction under Rule 36 does not apply. *See Mackay,* 757 F.3d at 200.

Accordingly, the district court's denial of Escamilla's motion to correct the record pursuant to Rule 36 is AFFIRMED.