# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11681
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 13, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANGEL HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CR-268-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Acting pro se, Angel Hernandez challenges the denial of his self-styled motion to reduce his sentence under 18 U.S.C. § 3582. He contends that Amendment 782 to the Sentencing Guidelines reduced his offense level and authorized the district court to reconsider his 262-month sentence for possession with intent to distribute and distribution of 500 grams or more of methamphetamine. Hernandez asserts that the sentence should be reduced

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because the district court erroneously applied an importation enhancement, erred in determining the drug quantity, disregarded the stipulations in the factual basis for his guilty plea, and confused him with the defendant in another case.  We review the district court's application and interpretation of the Sentencing Guidelines de novo.  *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009).

Amendment 782 did not lower Hernandez's base offense level of 38 because he was accountable for more than 4.5 kilograms of ice methamphetamine.  *See* U.S.S.G. § 2D1.1(c)(1).  Accordingly, the district court did not err in determining that he was ineligible for relief under § 3582(c).  *See Doublin*, 572 F.3d at 237; § 3582(c)(2).  Nor did it err in dismissing the motion to the extent it constituted an unauthorized successive challenge to Hernandez's conviction under 28 U.S.C. § 2255.  *See* § 2255(h).

Hernandez invokes our decision in *United States v. MacKay*, 757 F.3d 195 (5th Cir. 2014), to suggest that the district court should have corrected the presentence report (PSR) under Federal Rule of Criminal Procedure 36 by deleting the importation enhancement and reducing the drug quantity finding to the amount stipulated in the factual basis.  We review the forfeited claim for plain error.  *See, e.g., United States v. Padilla-Avilez*, 318 F. App'x 276, 276-77 (5th Cir. 2009).  Hernandez must show, inter alia, that the district court committed an error that was clear or obvious.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

A clerical error for purposes of Rule 36 is a "copying or computational mistake."  *MacKay*, 757 F.3d at 199 (internal quotation marks and citation omitted).  Hernandez has not identified such an error in the PSR and thus fails to show error, plain or otherwise, under Rule 36.  *See id.*

The judgment of the district court is AFFIRMED.