# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 3, 2018

Lyle W. Cayce
Clerk

No. 17-51146
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

SERGIO DAVID ORTIZ GOMEZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:17-CR-1453-1

Before KING, ELROD, and WILLETT, Circuit Judges.

PER CURIAM:[*]

The Federal Public Defender appointed to represent Sergio David Ortiz Gomez has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Ortiz Gomez has not filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein. We concur with counsel's assessment that the appeal presents no

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

nonfrivolous issue for appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

Our review of the record, though, reveals several clerical errors. Ortiz Gomez was charged in a two-count indictment with importing 50 kilograms or more of a mixture or substance containing marijuana (Count 1) and possessing with intent to distribute 50 kilograms or more of a mixture or substance containing marijuana (Count 2). Pursuant to a plea agreement, Ortiz Gomez pleaded guilty to Count 2 and the Government agreed that it would move to dismiss Count 1. The minute entry from the rearraignment proceeding and the court's rearraignment worksheet erroneously stated that Ortiz Gomez pleaded guilty to Count 1. The minute entry for the sentencing hearing and the court's sentencing worksheet repeated this error and additionally stated incorrectly that Count 2 was dismissed. These clerical errors carried over to the presentence report, which is a part of the record for purposes of Federal Rule of Criminal Procedure 36, *see United States v. Mackay*, 757 F.3d 195, 198, 200 (5th Cir. 2014), and to the judgment. Both stated incorrectly that Ortiz Gomez pleaded guilty to Count 1; in addition, the judgment erroneously stated that Count 2 was dismissed.

Accordingly, the case is REMANDED for the sole purpose of correcting these clerical errors in the record and the judgment. *See* FED. R. CRIM. P. 36.