# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-50452
c/w No. 19-50609
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 22, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS ZUNIGA HERNANDES, also known as CACA, also known as Carlos
Zuniga Hernandez,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:06-CR-411-1

Before SMITH, COSTA, and HO, Circuit Judges.

PER CURIAM:*

Carlos Zuniga Hernandes, federal prisoner # 82559-180, moves for leave
to proceed in forma pauperis (IFP) on appeal from the denial of his motion to
correct the presentence report (PSR) pursuant to Federal Rule of Criminal
Procedure 36. When, as here, a district court certifies that an appeal is not
taken in good faith, the appellant may pay the filing fee or challenge the court's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal[s involve] legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Before this court, Zuniga Hernandes maintains that he was entitled to relief pursuant to Rule 36 because the district court erroneously imposed sentencing enhancements despite the fact that Zuniga Hernandes did not admit the pertinent facts in his plea agreement. He also contends that the district court erred in denying his Rule 36 motion without providing him with notice of its intent and an opportunity to respond. Zuniga Hernandes argues that the district court was authorized to correct the PSR under Rule 36, that the error should be corrected because it constituted a breach of the plea agreement, and that the court should order a government official to correct the PSR under 28 U.S.C. § 1361.

Rule 36 provides that a district court may at any time correct a clerical error in the record arising from oversight or omission. FED. R. CRIM. P. 36. As the district court correctly found, Rule 36 permits corrections to errors in a PSR. *See United States v. Mackay*, 757 F.3d 195, 200 (5th Cir. 2014). However, relief under Rule 36 is proper only when "the court intended one thing but by merely clerical mistake or oversight did another." *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008) (internal quotation marks and citation omitted). Here, the changes that Zuniga Hernandes sought to have made to the PSR did not involve the mechanical correction of a clerical error or concern an error arising from an oversight or omission. Rather, Zuniga Hernandes asserted that the enhancements were wrongly applied or that the Government breached the plea agreement because the pertinent facts

No. 19-50452
c/w No. 19-50609

supporting the enhancements were not admitted by him. Such arguments call for a legal analysis that is not permitted under Rule 36. *See Mackey*, 757 F.3d at 200; *Buendia-Rangel*, 553 F.3d at 379.

Zuniga Hernandes has not shown error arising from the lack of notice because he had already had an opportunity to plead his best case. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). Moreover, given that he was not entitled to correction of his PSR, Zuniga Hernandes is unable to establish that the district court should have issued a writ of mandamus. *See* § 1361; *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 766 (5th Cir. 2011).

Thus, Zuniga Hernandes's appeals do not present a nonfrivolous issue and have not been brought in good faith. *See Howard*, 707 F.2d at 220. The motion for leave to proceed IFP is DENIED, and the appeals are DISMISSED as frivolous. *See Baugh*, 117 F.3d at n.24; 5TH CIR. R. 42.2.