# United States Court of Appeals for the Fifth Circuit

---

No. 24-50119
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
November 13, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Sally Renae Smith,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:20-CR-1356-2

---

Before Haynes, Higginson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Sally Renae Smith pleaded guilty, pursuant to a written plea agreement, to conspiracy to import 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(1), and 963. Smith was held accountable for 3.422 kilograms of actual methamphetamine, and the district

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

court sentenced her to 292 months in prison and five years of supervised release.

Smith argues that there are clerical errors in the judgment and presentence report (PSR) that must be corrected. The superseding indictment, to which she pleaded guilty, charged her with conspiracy to import 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(1), and 963. The judgment states that she was convicted of conspiracy to import more than 500 grams of methamphetamine in violation of 21 U.S.C. § 963. The PSR reflects that she was convicted of conspiracy to import methamphetamine.

Federal Rule of Criminal Procedure 36 provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Rule 36 authorizes this court to correct only clerical errors, which occur when "the court intended one thing but by merely clerical mistake or oversight did another." *United States v. Steen*, 55 F.3d 1022, 1026 n.3 (5th Cir. 1995) (internal quotation marks and citation omitted). We can also order correction of a clerical error in a PSR. *See United States v. Mackay*, 757 F.3d 195, 196, 200 (5th Cir. 2014).

Because the judgment and PSR contain clerical errors, we AFFIRM the judgment of the district court and REMAND for the limited purpose of correcting the clerical errors in the judgment and PSR.