# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2025

Lyle W. Cayce
Clerk

No. 25-40225
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

REBECA GUZMAN-RIOS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:24-CR-509-4

Before KING, HAYNES, and HO, *Circuit Judges*.

PER CURIAM:[*]

Rebeca Guzman-Rios appeals from her guilty plea conviction and 120-month sentence for conspiracy to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine. She seeks not vacatur but correction of the judgment and

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

presentence report (PSR) to reflect the correct offense of conviction and to specify that she pleaded guilty to the second superseding indictment.

The Government does not oppose Guzman-Rios's request, nor does it seek to enforce the otherwise valid appeal waiver. *See United States v. Story*, 439 F.3d 226, 230-31 (5th Cir. 2006); *United States v. Dees*, 125 F.3d 261, 269 (5th Cir. 1997). We therefore consider the appeal notwithstanding the waiver.

A district court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36. Clerical errors in the PSR may also be corrected under Rule 36. *United States v. Mackay*, 757 F.3d 195, 197-200 (5th Cir. 2014).

The judgment's failure to specify that Guzman-Rios pleaded guilty to the second superseding indictment is a clerical error warranting correction under Rule 36. Additionally, the district court should clarify that the cocaine in play was not a pure cocaine but a mixture containing a detectable amount of cocaine, its sales, optical and geometric isomers, and salts of isomers. We thus remand the case to the district court for correction of the judgment to specify that Guzman-Rios pleaded guilty to count 1 of the second superseding indictment and clarify the statement of the cocaine. *See* FED. R. CRIM. P. 36.

Accordingly, the judgment is AFFIRMED, and the case is REMANDED to the district court with orders to correct the judgment, in accordance with Rule 36, as stated above.