# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 2, 2026

Lyle W. Cayce
Clerk

———————

No. 25-40363

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

NOEL MERCADO,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:25-CR-57-1

_____

Before WILLETT, WILSON, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Appellant Noel Mercado was convicted of two counts of transporting an illegal alien within the United States and was sentenced to serve two concurrent terms of 36 months imprisonment and three years of supervised release. During the sentencing hearing, the probation officer explained that the Presentence Investigation Report ("PSR") contained a clerical error that inadvertently retained information related to an inapplicable obstruction

———————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

of justice sentence enhancement included in previous versions of the PSR. The Statement of Reasons appended to the PSR indicates that the erroneously retained information "is not applicable." On appeal, Mercado solely requests that our court remand this case to correct the clerical error in the PSR, as permitted by Federal Rule of Criminal Procedure 36. The government agrees that the error warrants correction. Accordingly, we hereby REMAND this case to the district court for correction of the clerical error.

I

Mercado was apprehended by U.S. Border Patrol at an interior checkpoint located in Falfurrias, Texas, in January of 2025 when multiple undocumented persons were discovered in an auxiliary fuel tank and in a modified bed of the pickup truck he was driving. A jury found Mercado guilty of two counts of transporting an illegal alien within the United States pursuant to 8 U.S.C. §§ 1324(a)(1)(A)(ii), (A)(v)(II), and (B)(ii).

At sentencing, Mercado's probation officer testified regarding the error that is the subject of the instant appeal. Mercado challenges no aspect of his conviction or sentencing.

Two preliminary drafts, and one final draft, of the PSR were prepared prior to Mercado's sentencing. Two previously circulated drafts of the PSR recommended an offense-level enhancement pursuant to U.S.S.G. § 3C1.1 for obstruction of justice based on purportedly false testimony Mercado provided at his trial claiming that he traveled to Houston, Texas, for personal business on the day of his arrest. However, the probation officer clarified in an amended addendum to the PSR that the obstruction adjustment did not apply because Mercado was found to be truthful in his testimony, and that the adjustment had been removed from the guidelines range calculation in the third and final report. At sentencing, a different probation officer

explained that Paragraphs 11, 18, 19, 22, 62, and 72 were changed but that Paragraph 10 of the PSR, which describes the false testimony and the reason for the adjustment, mistakenly remained in the final PSR. The sentencing court verified that the final PSR's calculation of Mercado's offense level did not include the obstruction enhancement, and the record confirms the same. Paragraph 10 states:

> Pursuant to U.S.S.G. § 3C1.1, if the defendant willfully obstructed or impeded, or attempted to obstruct or impede the administration of justice with respect to the investigation and prosecution of this offense by committing, suborning, or attempting to suborn perjury by providing materially false information while testifying at trial. During the trial, the defendant provided testimony advising he took a flight from Memphis, Tennessee, to Houston, Texas, enroute to the valley for personal business. An investigation into this testimony later confirmed that the defendant never scheduled and/or took a flight during the time period he claimed during his testimony.

Because the purportedly false testimony was found to be true after Mercado's trial, the obstruction enhancement became inapplicable.

While the "additional comments or findings" section of the Statement of Reasons in the district court judgment states, "Paragraph 10 is not applicable," the PSR otherwise remains unamended. Mercado did not move the district court to address the clerical error in the PSR prior to filing the instant appeal.

## II

Federal Rule of Criminal Procedure 36 provides, in pertinent part, that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36; *United States v. Ramirez-*

*Gonzalez*, 840 F.3d 240, 247 (5th Cir. 2016). Rule 36 is intended to rectify "mindless and mechanistic mistakes." *United States v. Mackay*, 757 F.3d 195, 200 (5th Cir. 2014) (citation modified). The PSR is a "part of the record" that may be corrected at any time pursuant to Rule 36. *Id.* at 197, 199 (holding that remand for correction of the PSR is appropriate where it was undisputed that the mistake is a clerical error).

Both parties agree that Paragraph 10, which the probation officer inadvertently included in the final PSR, is merely a clerical error that should be addressed by remanding to the district court with instructions to remove it from the PSR pursuant to Rule 36. On previous occasions, our court has addressed requests to correct clerical errors raised for the first time on appeal. *See United States v. Powell*, 354 F.3d 362, 371 (5th Cir. 2003) ("[T]his [c]ourt has reviewed clerical errors in the judgment for the first time on appeal and properly remanded for correction of those errors.") (citing *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001)); *United States v. Paramo*, 466 F. App'x 335 (5th Cir. 2012) (per curiam) (unpublished); *United States v. Guzman-Rios*, No. 25-40225, 2025 WL 3527438 at *1 (5th Cir. Dec. 9, 2025) (per curiam) (unpublished). Here, too, we remand for the district court to correct the clerical error as requested by the parties.[1]

––––––––––––––––––––––––––

[1] As we have done in prior opinions in which we address clerical errors for the first time on appeal, we remand the case to the district court without articulating a standard of review. *See Powell*, 354 F.3d at 371 (remanding to correct clerical error raised for the first time on appeal without discussing standard of review); *but cf. United States v. Portillo*, 363 F.3d 1161, 1164 (5th Cir. 2004) (conducting de novo review of a district court's ruling on a Rule 36 motion). The standard of review is not at issue here—even when the parties have disagreed over the standard of review, our court has declined to articulate such a standard. *See United States v. Orozco-Rangel*, No. 23-50587, 2024 WL 3688723 at *2 n.3 (5th Cir. Aug. 7, 2024) (unpublished) ("[W]e follow what is implicit in several published opinions and explicit in numerous unpublished ones, and remand for correction of the clerical error without articulating a standard of review.").

No. 25-40363

## III

Accordingly, we REMAND this case to the district court for the limited purpose of correcting the clerical error in the PSR as described in the foregoing opinion. The district court's judgment is otherwise AFFIRMED.